THOMPSON, ,T.
 

 The plaintiff was the lessee and occupied the premises Nos. 1027-1029 Canal street of this city, in which was operated a moving picture show.
 

 The term of the lease was to expire September 30, 1925.
 

 The defendant had leased the premises for a term beginning October 1, 1925. The purpose of this lease was to carry on a mercantile business.
 

 Being desirous of obtaining the possession of said premises a month earlier than the beginning of its lease, the defendant entered into a written contract to pay the plaintiff $2,-600 in order that the said premises might be .altered and placed in suitable position for the mercantile business.
 

 The agreement was dated August 29th, and the payment was to be made on September 1st.
 

 The amount was not paid, and this suit for the $2,600 followed. There is included in the demand an additional sum, being a proportionate amount of the taxes paid by the plaintiff on the property for the year 1925, but that amount is not an issue on this appeal.
 

 In answer to the suit, the defendant admitted that it took possession of the property on September 1st under the terms of the written agreement, but alleged, as a reason for failing to pay the amount stipulated, that some time prior to September 1st the defendant negotiated with an agent or representative of the plaintiff, who told defendant that plaintiff would vacate and surrender the property for the month of September on defendant’s paying the sum of $500, the amount of plaintiff’s monthly rent, together with an additional sum to represent the loss of profits which plaintiff would suffer by surrendering the property; that it was agreed that the profits would not exceed the sum of $1,100, and the whole amount to be paid would not exceed $1,600. (
 

 It is further alleged:
 

 That, relying on such verbal agreement and such representation by plaintiff’s agent, defendant made the necessary preparations to take possession on September 1st so as to have the property ready for actual use and occupancy on October 1st.
 

 That defendant entered into contracts, made large expenditures, and assumed obligations in large amount for fixtures and repairs and general reconstruction necessary to alter the building.
 

 That, just before defendant was about to take possession on September 1st, the plaintiff exacted of defendant payment of the sum of $2,600 instead of the maximum sum of $1,600 theretofore agreed on.
 

 That defendant vigorously protested against the unwarranted act of plaintiff and its violation and breach of the prior agreement, but that plaintiff would neither relent nor agree to adhere to the lower figure. That defendant was compelled to yield and submit to the harsh and arbitrary requirements of plaihtiff and to the duress and force exercised upon defendant, and to affix its signature to said agreement.
 

 That the .plaintiff took advantage of the situation of defendant, and compelled and forced its signature to the instrument sued on, and that, by reason of such duress and force, defendant is legally relieved from the effect and consequence thereof.
 

 A supplemental or amended answer was filed, in which defendant prayed for a trial by jury, and the court ordered that the case be set down for trial by jury, on the jury’ docket.
 

 
 *277
 
 Thereupon the plaintiff took á rule on defendant to show cause why judgment should not be rendered in plaintiff’s favor for the sum of $2,600.
 

 After the above rule was filed, the defendant filed 'a second supplemental answer, in which it was denied that defendant obtained possession of the premises on September 1st, and reconvened for actual damages in the sum of $3,000; said
 
 damages
 
 arising solely, exclusively, and directly from the said illegal and tprtious acts of the plaintiff; that, by reason of plaintiff’s acts, the defendant was delayed in opening its business at the time selected therefor, and was thereby caused losses of actual profits from sales to the extent of the amount aforesaid.
 

 Following the above amended answer, the defendant filed a plea to the jurisdiction of the court on the ground that the case had been ordered tried by a jury, and that all phases and issues of fact as well as of law could only be passed on and determined by the jury.
 

 The plea to the jurisdiction was overruled, .and on trial of the rule to take judgment the same was sustained and judgment rendered in plaintiff’s favor for $2,600, reserving the right of plaintiff to recover the remainder of its demand for a trial upon the merits.
 

 Two questions are presented on this appeal: (1) Was the trial judge right in over-' ruling the jurisdictional plea and retaining control over the case for the purpose of disposing of the rule, after a jury trial had been •ordered ? and (2) whether the judge was within the terms of the statute in rendering judgment in plaintiff’s favor on the allegations of fact set out in the petition and in defendant’s .answer?
 

 The rules of the civil district court for the parish of Orleans provide that the jury cases placed upon the general jury call •docket shall be triable in any division of the court, and all such cases shall be assigned to the respective divisions in rotation, etc.
 

 “All preliminary and interlocutory proceedings in such cases shall remain under the jurisdiction of the division to which the cause was originally allotted, so long as it shall he on the general jury call docket, up to the time that it is posted for assignment and trial in some other division, at which time full jurisdiction thereof for all purposes shall attach to that division, unless and until it be returned to the general jury call docket.”
 

 The argument made in support of the plea is that, upon filing of the answer and obtaining the order for trial by a jury, the judge to whom the case was originally allotted was stripped of all jurisdiction to try any rule for judgment on the face of the papers, or to try any preliminary or interlocutory proceeding, and that the jurisdiction to try any such motions or matters immediately attached to or fell under the jurisdiction of the judge of the division to whom the case would ultimately be allotted for trial by jury.
 

 The contention is answered by the rule of the court above quoted, which expressly declares that all preliminary and interlocutory proceedings in jury cases shall remain under the jurisdiction of the division to which the cause was originally allotted until the case is posted for assignment and trial in some other division of the court.
 

 It is admitted that, although the jury was allowed, the case had never been posted for assignment and trial in any other division up to the time the rule for judgment was tried.
 

 That being true, no other division had jurisdiction to try the case or to try any preliminary motion therein filed, and, if the contention of defendant was adopted, this case and all other cases in similar situations would be held up in suspense without a judge or a division competent to try any motion filed in them. A construction that would bring about such a condition is impossible.
 

 
 *279
 
 It is clear, we think, that a motion to take judgment on the face of the pleadings under the Practice and Pleading Act is a preliminary or interlocutory one within the meaning of the act, and within the purview of the rules of the civil district court.
 

 The fact that the trial of such a motion may result in a final judgment does not alter the legal situation' and withdraw from the motion its character as preliminary or interlocutory.
 

 The learned trial judge very appropriately illustrates that, if the mere allowance of trial hy jury deprived the judge of jurisdiction, he could not listen to any exception as to form, because the entire jurisdiction would be in the jury.
 

 “Again, if his petition glaringly set forth no cause of action, the judge would be deprived of jurisdiction to pass on an exception of no cause of action, on the ground that was a question for the jury.”
 

 We find nothing in the Practice and Pleading Act, nor in the articles of the Code of Practice, which militates against the* ruling of the court below.
 

 We are therefore disposed to follow the construction which the learned judge lias placed upon the rules adopted by the court for its guidance in such matters.
 

 Act 300 of. 1914 provides that, at any time after the answer is filed, the plaintiff may by rule submit to the court the question of his right to a judgment upon the petition and answer. Eor the purpose of the trial of such rule all material allegations of fact contained in the petition and not denied in the answer, and all allegations of fact contained in the answer, shall be deemed and taken as true.
 

 It is provided that, if the answer sets forth a legal cause of action by way of reconventional demand, the plaintiff shall not be entitled to a judgment for more than the difference between the amount found to be due the plaintiff and the amount of the reconventional demand.
 

 It is very clear that the amended answer does not set up a legal cause of action in re-convention, for the claim for damages is based on the loss of profits due to the delay in getting possession of the property on September 1st.
 

 The plaintiff alleged that it surrendered, and defendant received and took possession of, the premises on September 1st, the date-fixed in the written contract, and this allegation was expressly admitted in the original answer filed by the defendant, arid which was verified by the affidavit of Erank Rubenstein, president of the defendant company.
 

 The amended answer which denied having received possession of the property on September 1st was also verified by the oath of the president of defendant company.
 

 The two answers are in irreconcilable conflict on the question of taking possession. The allegations of one of the answers must therefore necessarily be false. There is no pretense that the allegation of the first answer was made in error or through mistake. The defendant, better than any one else, was in a position to know when the original answer was filed whether or not it had obtained possession of the property at the date agreed on in the written contract. The defendant must therefore be held to the unqualified admission made in the original answer.
 

 The defendant cannot be permitted to shift its position, change the,substance of its answer to the prejudice of the plaintiff. The change of position strongly suggests an afterthought and a purpose of defeating the rule for judgment which was pending and fixed for trial before the amended answer was filed.
 

 “The law holds parties to their allegation of record, and does not permit them afterwards to alter or deny such alleged facts.” Succession of De Jan, 40 La. Ann. 437, 4 So. 89.
 

 “Conflicting pleadings are construed against
 
 *281
 
 the pleader; and where, in the same paper, a defendant denies and admits that plaintiff is the owner of property of which he alleges himself to be the owner, he should not be permitted to introduce evidence in support of his denial of that which he also admits.” Shaw v. Board, 138 La. 917, 70 So. 910.
 

 In view of the foregoing considerations, we are constrained to hold that the amended answer of defendant did not set forth a legal cause of action by way of reconventional demand, and plaintiff was not thereby precluded from taking judgment on rule, if otherwise entitled to such judgment.
 

 This brings us to the question as to whether the facts set out in the petition and answer justified the judgment.
 

 The petition alleges that defendant, being desirous of obtaining from petitioner the surrender and possession of said premises from September 1st, 1925, entered into a written agreement with petitioner whereby petitioner agreed to surrender possession of said premises to defendant on September 1, 1925, and in consideration thereof defendant agreed to pay petitioner $2,600 cash on September 1, 1925, all as more fully set forth in said written agreement hereto annexed and made part hereof.
 

 It may be well here to repeat the substance of the original answer, for from it we must determine whether the defense set up is a legal one, and, if not, whether the admission contained in the answer was sufficient to justify the judgment.
 

 The original answer admitted the signing of the contract, and admitted delivery of the property on September 1, 1925, under the terms of the contract, but denied liability for the $2,600, because of an agreement made prior to signing the contract with some unnamed agent or representative of the plaintiff, by which the defendant was to pay a sum not in excess of $1,600 for obtaining possession of the property for the month of September.
 

 It is further alleged that defendant was compelled to yield and submit to the harsh and arbitrary requirements of plaintiff and to the duress and force exercised upon it; and, violently protesting, affixed its signature to the said agreement.
 

 It is further alleged that plaintiff took advantage of the situation of defendant, and compelled and forced its signature to the instrument declared upon, and that, by reason of such duress and force, defendant is legally relieved from the effects and consequences thereof.
 

 It is to be observed that defendant does not give the name of the person by whom the alleged prior verbal agreement was made. Nor does the defendant allege what acts of force and duress were employed by the plaintiff to cause the defendant to sign the agreement. It is not alleged that the defendant signed said agreement in error, nor that the plaintiff practiced any fraud, unless it be a fraud to sign an agreement to pay a larger sum that was fixed in a prior verbal agreement.
 

 The Code declares that consent to a contract is void, if it be produced by violence or threats and the contract is invalid. Civil Code, art. 1850.
 

 There is, as stated before, no allegation that the defendant’s consent and signature to the agreement was produced by any'violence or threats.
 

 It is not every degree of violence or every kind of threat that will invalidate a contract ; they must be such as would naturally operate on a person of ordinary firmness, and inspire a just fear of great injury to person, reputation, or fortune. C. C. art. 1851.
 

 No contract can be invalidated on an allegation of violence or threats, if it has been approved, after the violence or danger has ceased. C. C. art. 1855.
 

 Here the defendant signed the agreement voluntarily, and without any threat or
 
 *283
 
 violence, and went into possession of the property on the faith of that agreement.
 

 The defendant cannot therefore repudiate the agreement because it was different from a prior verbal one in the amount to be paid for obtaining possession of the property.
 

 If such a prior verbal agreement had been máde by a person who was authorized to represent the plaintiff, the defendant well knew that fact when he signed the agreement and went into possession of the property thereunder.
 

 The fact, if it be a fact, that the plaintiff exacted a larger sum than was previously agreed on, cannot in law be said to constitute force or duress.
 

 It is no defense to say that the defendant was forced to sign the agreement because he had incurred a large expense in fitting up the property for the use for which it had been leased.
 

 The defendant would have had to bear that expense if possession had been delayed a month longer.
 

 The defendant obligated itself to pay unconditionally a stated sum of money at a fixed time. The consideration for this obligation was a legal one. The amount was not paid, but defendant got the possession he purchased. Therefore we do not think, considering all of the allegations of the answer, that defendant presents a legal and sufficient excuse for not paying the amount he solemnly agreed in writing to pay.
 

 In order to sustain the defendant’s contention, resort must be had to parol proof of a verbal understanding, conversation, or negotiation antedating the written agreement.
 

 Our Code declares, and this is of universal application to written contracts, that neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the 'time of making them, or since.' Article 2276.
 

 We do not imagine that any law can be found anywhere that would justify the court, on the facts set forth in the answer, in relieving the defendant from the effect of its-written contract.
 

 The judgment appealed from is affirmed.