FOURNET, Justice.
 

 ■ This is a' suit • for damages in the sum of $98-, instituted - by the purchaser, under an unconditional warranty deed, óf a certain tract of land containing. 120 arpents, more or less, on account of the vendor’s failure to deliver possession of a, portion of the property, which damages he alleged were for “ * * * the value of the use of the land of .which.-he has been deprived, and-loss of time, and. expenses,?’.etc.
 

 The defendant first filed an exception of vagueness and, subsequently, exceptions of no cause and no right of action. The latter exceptions were overruled, but the district court maintained the exception of vagueness • and ordered 'the plaintiff to itemize his claim for'
 
 “
 
 * * * time lost, and expenses incurred by * * * rea-' son of being- deprived of the use of the.
 
 *581
 
 land.” ' In obedience to the order of the court, plaintiff filed an amended and supplemental petition, listing ’ such items of damages aggregating the sum $29, to which amended petition the defendant excepted on the ground that it was not a full and complete Compliance with the order of court. The exception was overruled.
 

 The defendant then answered, averring that the plaintiff was fully informed that he had given Peter Broullet the possession and use of a house and 15 acres of the land and that plaintiff purchased the property with that understanding. He further averred-that plaintiff had not at any time complained,' and had he' done so, defendant would have gladly surrendered the consideration received for the sale of the property — plaintiff’s note for the sum of $1,500, secured by vendor’s lien and. privilege — and reconvened, seeking to have the sale resolved because of the nonpayment of the price of the sale.
 

 On’ the trial of the case on the issues as thus presented, the district judge rendered judgment in' favor of the plaintiff in the full amount prayed for, $98; and rejected defendant’s reconventional' demand.
 

 We granted a writ of certiorari to review the ' judgment of the lower court, coupled with a writ of prohibition staying further proceedings in the ca.se until our final action in the matter, upon defendant’s application to this court wherein it was stated that the judgment was rendered arbitrarily and without regard to the laws of evidence and pleading, and that defendant had exhausted all his legal remedies and was without right of appeal from the main demand because, the amount involved was less than $100. • -
 

 It is the defendant’s contention (l)'that. his exceptions of no cause. or right of action should have been sustained and the suit dismissed; and, in the alternative,’ (2) that he should have been permitted to show that the plaintiff purchased the property from him with full knowledge of the conditions under which Broullet had possession of a portion thereof, and further in the alternative, .(3) that plaintiff’s evidence should' have been restricted to prove up his claim to the extent of. and as set out in his supplemental petition, to wit, the sum of $29.
 

 The allegations of fact contained in plaintiff’s petition, which must be accepted as true for the purpose .of disposing of defendant’s exceptions of no cause and no right of action, are that he purchased by warranty deed a certain described tract of land -in the parish of Natchitoches, a portion of which one-Peter Broullet’, pursuant to a prior agreement with the'.defendant, \had possession with .the privilege of occupying and enjoying the same for the balance of his life; that as a result thereof he was unable to obtain possession of the property and was damaged to the extent of $98 for the use of the land of which he had been deprived and for loss of time and expenses, as a result thereof.
 

 “The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells.” Article 2475; Rev. Civ. Code. And under the provisions of article 2486 of the
 
 *583
 
 Code, it is provided that “in all cases, the seller is liable to damages, if there result any .detriment to the buyer, occasioned by the non-delivery at the time agreed on.” We áre, therefore, of the opinion that the petition states a cause and right of action and the trial court properly overruled the exceptions.
 

 It is the well-settled and unbroken rule of law in this state' that, in the absence of any allegation of fraud or error, conditions, and stipulations beyond those expressed in an authentic act, and what may have been said before, or at the time of, or since the execution thereof, can be proven only by means of a counter-letter or by the use of interrogatories on facts and articles. Locascio v. First State Bank & Trust Co. of Hammond, 168 La. 723, 123 So. 304; Plaza Amusement Co. v. Frank Rubenstein & Co., Inc., 163 La. 272, 111 So. 702; Glover et al. v. Abney et al., 160 La. 175, 106 So. 735; Harris v. Crichton, 158 La. 358, 104 So. 114, Rev.Civ.Code, arts. 2236 and 2276.
 

 The defendant’s contention that he should have been permitted to show that plaintiff purchased the property with full knowledge of the conditions under which Broullet had possession of a portion is, therefore, without merit.
 

 The third and last error complained of is that the evidence in this case should have been limited to the items and the amounts listed in the amended and supplemental petition. This petition was filed pursuant to the order and under the direction of the court upon defendant’s exception of vagueness complaining that the allegations of plaintiff’s original petition were not sufficiently clear and explicit to place him on his guard, and its purpose, therefore, was not to limit- or restrict but to amplify the original petition. On this point we do not have the benefit of a note of evidence, but the trial judge, in response to relator’s application, stated that the judgment in this case is just and legal and in conformity to the evidence offered. Our review of the entire record does not show that the court arbitrarily disregarded any of the laws of evidence and pleading as complained of by the defendant.
 

 Defendant complained in his application for writs that the judge rejected his reconventional demand, but apparently he did not intend to press the same as he has failed to pray for -any relief on that point. Pretermitting his right to-have us review that phase of the judgment, we wish to point out that the record is barren of any evidence on that subject. Moreover, his rights are fully protected for he is entitled to an appeal from the judgment of the lower court in so far as the reconventional demand is concerned, under the provisions of article 7, § 1, of the Constitution of 1921. See, also, Locascio v. First State Bank & Trust Co. of Hammond, supra.
 

 For the reasons assigned, the rule nisi' herein issued is recalled, relator’s application is denied, and the judgment of the lower court is affirmed at relator’s cost.