The lower court in a written opinion has correctly set out the issues in this case and determined them. Its opinion is as follows:
"Plaintiff sues the defendants, two of his children, to annul and avoid a deed executed by himself in favor of the two defendants, May 12, 1939, whereby he executed to said defendants Lots 29 and 30 of Block 10 and Lots 5 and 6 of Block 9 of Parkhurst Subdivision, Caddo Parish, Louisiana, with improvements thereon.
"The grounds of attack are that the deed was signed through error of fact in that no consideration was given or paid for the signing of the deed and since there was no consideration paid, the deed can be considered only as a donation and that as such it is null for the reason that it constituted all of the property of the plaintiff and he did not retain for himself sufficient property to maintain and support himself; and that the donation should be revoked because of the ingratitude of said defendants to the plaintiff in that said children refused to visit or see him or permit him to visit with them and other members of his family.
"The facts leading up to the execution of the deed in question may be briefly summarized as follows:
"Plaintiff and his wife, Julia E. White, had five children, two of whom are defendants in this proceeding. Mrs. White obtained a judgment of separation from her husband in 1938 and was granted alimony on behalf of the five children, all minors at the time, of $25 per month. The wife and children moved to themselves and from thenceforward had nothing to do with plaintiff. These two defendants at the time were old enough to be employed and supported their mother and the three other children. Plaintiff refused to pay the alimony and some proceedings were taken in the Juvenile Court against plaintiff here and he was sentenced to jail for a short period and other proceedings were thereafter instituted against him, but the matter was finally dropped by the Juvenile Court and these two defendants continued to support their mother and the three minors and would not converse with their father, visit with him or let him visit with them, in short, these defendants say that they had no further interest in what their father did after the separation proceedings were concluded in 1933, and plaintiff refused to pay any alimony for the reason that, as he says, the children would not pay him proper respect.
"In 1939, plaintiff executed the deed in question here in favor of these two defendants. The reason for so doing is not entirely *Page 257 
clear but plaintiff states that he went to see his son at the Journal Publishing Company's office and the son would not see him, but later he had to `run him down' and at first the son would not talk to him, but he finally persuaded him to accompany him to the office of Mr. John T. Carpenter, an attorney, where plaintiff told Mr. Carpenter that he wanted to deed or donate the property to his children and Mr. Carpenter considering the question of title by virtue of a donation, suggested that it would be better to have a sale of the property provided there was a consideration; whereupon plaintiff mentioned the fact that these two defendants had supported plaintiff's minor children during the years preceding and this was agreed upon as a consideration and it so stated in the deed and the amount fixed as $2,500.
"It is not denied that there was no actual consideration paid at the time of the execution of the deed but defendants rely on the fact that plaintiff was under both a legal and moral duty to support his minor children and that he did not, but that they having done so for him, the plaintiff was morally bound, if not legally so, to repay them for said services and that the moral obligation on the part of the plaintiff to them was a sufficient consideration to support the contract of sale. It was so held in McCreight v. Leavel, 156 La. [156] 157 [100 So. 289, 290], which suit was to set aside a deed on the ground that it was executed through error of fact and without consideration, the lower court excluding evidence of a natural obligation as consideration for the deed, and in the course of the opinion, said: `Although a natural obligation cannot be enforced by action, yet such obligation is a sufficient consideration for a new contract'. Civil Code, Article 1759.
"The Supreme Court remanded the case for the reception of the evidence excluded by the trial court.
"It is sufficient to maintain a deed of sale as such if there be a `consideration' for same even though the consideration stated in the deed is not the true consideration, provided there is a consideration agreed upon. I consider the deed valid as a sale of the property. I fail to find any evidence of any error of fact on the part of plaintiff.
"If the conveyance here sought to be annulled is not good as a `sale' of the property and under the facts detailed in the record that it be considered as a donation inter vivos, I think that it would be good as such. There are three kinds of donations inter vivos; gratuitous, onerous and remunerative — the first is based on mere liberality; the second is one burdened with charges imposed by the donee; and the third which is to recompense for services rendered. The rules peculiar to donations inter vivos do not apply to remunerative donations except when the value of the object given exceeds by one-half that of the charges of the service. (Civil Code, Article 1526) The property covered by the act of conveyance is said to be worth something like $1,000 or possibly $1,200. The conveyance states that the amount due for the support of the children is $2,500. The record indicates that there was something like $2,000 unpaid alimony at the time of the execution of the deed.
"Neither should the act of conveyance (donation) be revoked on account of acts of ingratitude as the donation, if it be such, is a remunerative donation and not subject to the rules of revocation on account of ingratitude. A gratuitous donation would be subject to that rule, but I doubt that it would be effective in this case because there has been no change for the worse in the attitude of the defendants toward the plaintiff since the judgment of separation of 1933. In other words, where a party acts toward another knowing that the other does not care for him but nevertheless makes a gratuitous donation to that person under the circumstances existing between the parties here, and that relationship continues unabated and without change, I doubt if the donor would be permitted to sue for a rescission of the donation so made. However, as I view this case, if the act of conveyance is a donation, it is a remunerative donation which in effect means that the donor says, — `I owe you something for what you have done for me and I now want to pay you by giving you such property'. It is paying a debt, either moral or legal, and having paid the debt, of course, the one paying cannot recover what he has paid because the other will not respect him.
"It is not the province of the court to pass upon the moral and spiritual duties and obligations of the parties and when a matter of this kind is presented to the court, then it becomes the duty of the court to pass *Page 258 
upon the questions involved from a legal standpoint, without consideration of what the parties should hereafter do — I mean by this that if there were no legal obligation on plaintiff to pay defendants anything but a moral obligation to do so, he had the right to let matters stand and he would not have been injured; but, recognizing his moral obligations in the premises, he made the deed in question and he thereby created a legal situation from which he may not recede because the other party will not do as he has done, recognize and perform their moral obligations to him.
"For the reasons assigned the plaintiff's demands must be rejected."
The plaintiff, appellant, has appeared in this court in person without the aid of counsel and due to the earnestness of his plea we have most carefully studied his case. The record reflects a deplorable and regrettable condition existing in this family, with the father and mother actually hating each other and the children despising their father. It also reflects a deep hatred in the plaintiff for his second wife, from whom he is also divorced, and his desire to cause her suffering and misery if possible. This last-mentioned desire was possibly the moving reason why plaintiff executed the deed to his two major children. He no doubt expected them to evict his second wife from the property thereby depriving her of a home, which they had not done at the time of trial below. But in satisfying his desire for vengeance, plaintiff has legally divested himself of his property and placed legal title in his two major children of his first marriage, the defendants herein.
The deed recites a valuable consideration, viz., a natural obligation owed by him and fulfilled for him by his two major children, in return for which he deeded to them the property he is now claiming.
The opinion of the lower court is correct and is now affirmed, with costs. *Page 373