41 So.2d 680

**LAWRENCE v. CLAIBORNE.**

No. 38694.

June 30, 1949.

Joseph Rosenberg, New Orleans, for plaintiff-appellant.

Charles E. de la Vergne, New Orleans, for defendant-appellee.

McCALEB, Justice.

Plaintiff seeks to be declared owner of certain real estate in the city of New Orleans, bearing municipal number 3521 Melpomene Street. She avers that her late husband, Thomas Hazlet, was the record owner of the property on and before

January 11th 1929; that, being unable to pay the mortgage thereon amounting to $2,500, he made an arrangement with defendant to place the property in his name with the understanding that defendant would thereafter collect the rents and apply the proceeds to the liquidation of the mortgage and that, upon its payment in full, defendant would reconvey the property to him; that, in conformity with this agreement, her husband conveyed the property to the Liberty Homestead for a recited consideration of $2,500 and, on the same day, the homestead transferred it to the defendant; that defendant has collected all of the rents since the date of his acquisition; that the amounts received have been more than sufficient to liquidate the mortgage indebtedness and that, therefore, he should be ordered to transfer the property to her.[1]

Defendant excepted to the petition on the ground that plaintiff was without a right or cause of action to attempt establishment of title either by parol or by evidence dehors the authentic act, under which he acquired. Articles 2236 and 2276 of the Civil Code.

This exception was maintained but the judge gave plaintiff leave to amend the petition by alleging, if she could, a counterletter or other lawful writing in support of the agreement between defendant and her husband. Conformably, plaintiff filed a supplemental petition in which she stated that defendant had acknowledged in writing that he was the agent of her late husband and that he had delivered to Hazlet a memorandum book (attached to the petition) showing rental payments, taxes paid, commissions charged by him and balance due on the loan.

Defendant thereupon excepted to the supplemental petition on the same ground upon which his original exception was predicated. Simultaneously, however, he filed an answer [2] in which he denied plaintiff's allegations and set forth that plaintiff's husband had called at his office and offered to sell him the property as the mortgage holder was about to foreclose; that he agreed to purchase the property and the Liberty Homestead, on account of his established credit rating, consented to lend him $2,500 for that purpose (plaintiff's husband was unable to obtain the loan); that, accordingly, on January 11, 1929, he acquired the property by authentic act from the homestead immediately following the transfer by plaintiff's husband; that, subsequently, Hazlet sought to repurchase the property and that he verbally consented to resell it for a $200 profit, provided Hazlet would make the homestead payments, pay the taxes, insurance, repairs, water bills, rent commissions, etc., and provided, fur-

---

[1] She alleges that she has succeeded to the rights of her late husband, having been placed in possession of his succession.

[2] Defense counsel declares that the answer was filed because defendant felt that his honor and integrity were questioned in this suit.

ther, that, if Hazlet should fail to comply with these obligations during any one month, the agreement would be cancelled and that, shortly after the agreement was made, Hazlet defaulted, thus terminating the understanding.

The matter was thereafter fixed for trial and, on the day of the hearing, counsel for defendant objected to the reception of any evidence on the ground that plaintiff's petition, as supplemented, failed to state a cause of action. The exception was sustained and the suit dismissed. Hence this appeal.

■■■ In this court, plaintiff's counsel argues that the pleadings and written documents attached thereto exhibit that defendant was acting merely as agent for Hazlet and that the title to the property was placed in defendant's name for convenience only.

This proposition cannot be sustained as it, of necessity, ignores the unbroken rule of law in this state, set forth in Franton v. Rusca, 187 La. 578, 175 So. 66, 68, " * * that, in the absence of any allegation of fraud or error, conditions, and stipulations beyond those expressed in an authentic act, and what may have been said before, or at the time of, or since the execution thereof, can be proven only by means of a counter-letter or by the use of interrogatories on facts and articles. Locascio v.

First State Bank & Trust Co. of Hammond, 168 La. 723, 123 So. 304; Plaza Amusement Co. v. Frank Rubenstein & Co., Inc., 163 La. 272, 111 So. 702; Glover et al. v. Abney et al., 160 La. 175, 106 So. 735; Harris v. Crichton, 158 La. 358, 104 So. 114; Rev.Civ.Code arts. 2236 and 2276".[3]

■■■ Counsel also claims that the allegations of defendant's answer show a promise to reconvey the property and that the condition contained in that verbal agreement was void.

In this contention, counsel again seeks avoidance of the parol evidence rule. We cannot take cognizance of the recitals of defendant's answer unless the answer is to be regarded as a response to interrogatories on facts and articles. But, if it be considered in this light, it would avail plaintiff nothing as the answer sets forth that defendant is the true owner of the property; that he made a verbal agreement to resell it to Hazlet on special terms and that the latter defaulted. Plaintiff would be bound by this answer, as its recitals would not be subject to contradiction. Article 2275 of the Civil Code; Fontenot v. Ludeau, 191 La. 540, 186 So. 21; Harvey v. Richard, 200 La. 97, 7 So.2d 674.

The judgment appealed from is affirmed.

O'NIELL, C. J., takes no part.

---

[3] See also Ceromi v. Harris, 187 La. 701, 175 So. 462; Scurto v. LeBlanc, 191 La. 136, 184 So. 567 and Cernich v. Cernich, 210 La. 421, 27 So.2d 266.