ELLIS, Judge.
This is a petitory action which was decided adversely to the plaintiffs by the District Court and hence this appeal.
The plaintiffs are the widow and children of Charles A. Claudet, deceased, and the defendant was the sister of the deceased. It is shown that Charles A. Claudet on January 18, 1916, purchased from his mother the following described property:
“A certain tract of land situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, at about 24 miles below the Town of Thibodeaux, measuring three arpents in width on said Bayou Lafourche, by a depth of forty arpents; bounded above by property of said vendor and below by the property of said purchaser, except it is hereby agreed that the said vendor, specially reserves the residence, outhouses, yards, and all things pertaining to same,”
and that on March 4, 1919 the 1916 deed was corrected to read as follows:
“A certain tract of land situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, at about 24 miles below the Town of Thibodeaux, measuring three arpents in width on said Bayou Lafourche by a depth of forty arpents, bounded above by property formerly of said vendor, but now owned by Mr. H. R. Claudet, and below by property of Charles A. Claudet, together with all the buildings and improvements thereon and all the rights and privileges thereto belonging.
“It is expressly understood and agreed between the parties hereto that the vendor, widow of Charles Amant Claudet, reserves the use and enjoyment of the residence she now occupies, the yard around same as now enclosed and all out-houses and appurtenances thereto belonging, for the term of her natural life; said reserved residence, yard, out-houses and appurtenances being located on the front of the tract of land above described.”
On the 1st of February, 1923, Charles A. Claudet sold and conveyed to his mother, Mrs. Evalina LeBlanc, widow of Charles Claudet, the following described property:
“A certain tract of land, situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, at about 24 miles below the Town of Thibo-deaux, measuring six arpents in width1 on said Bayou Lafourche, by a depth of forty arpents, bounded above by property of Miss Blanche Claudet and below by property formerly of Henry R. Claudet, but now of Mrs. M. *524 P. Hernandez; together with all the buildings and improvements thereon, and all rights, ways and servitudes thereto belonging; except the residence known as the home of the late C. Amant Claudet, together with the outhouses attached thereto, the yard and all things pertaining to same, which were reserved by Mrs. Evalina LeBlanc, widow of Charles Amant Claudet, in an act of sale bearing date January 18, 1916, executed before Joseph H. Price, Notary Public, by which sale the said Mrs. Claudet sold to ap-pearer, Charles A. Claudet, vendor herein, a tract of three arpents front by forty arpents in depth, forming part of the tract of- six arpents, and being the third, fourth and fifth arpents front of said tract of six arpents, counting from the upper limits of the said tract of six arpents to the lower limits. (C.B. 47, Page 36.)
“The lower arpeñt of said six ar-pent tract vendor acquired from the said Mrs. Evalina -LeBlanc, widow of Charles Amant Claudet, on January 18th, 1916 by act executed before Joseph H. Price, Notary Public, of the Parish of LaFourche (C.B. 47, page 37); the upper two arpents of the said six arpents front tract were acquired by the vendor from Henry R. Claudet, by public authentic act executed before Charles J. Coulon, March 4, 1919, recorded the same day in C. B. SO, page 114, of the Parish of La-fourche.”
On the 26th day of July, 1946, Mrs. Evalina LeBlanc Claudet sold to the defendant, her daughter, the following property :
“A certain lot of ground or tract of land located in the Parish of La-fourche, . State of Louisiana, on the right descending bank of Bayou La-fourche, at about two (2) miles below the Town of Lockport; said tract of land being bounded in front by the highway along Bayou La-fourche; below and in the rear, by lands belonging to Joseph Fanguy and to Rolley Sempey and above by lands belonging to Joseph Fanguy, together with all the buildings and improvements thereon, as well as all rights, ways, privileges and servitudes thereunto belonging and appertaining.”
It is to be noted that in this sale the buildings and improvements were included. The plaintiffs, who are the widow and children of Charles Claudet, have therefore brought this suit seeking to be declared the owners of the residence, outhouses and yard, which it is admitted are correctly described in plaintiffs’ petition, which were especially reserved by Mrs. Evalina LeBlanc Claudet in the first deed to her son, Charles Claudet, on the 18th day of January, 1916, which deed was later corrected and Mrs. Evalina LeBlanc 'Clau-det transferred the title to the house, yard, etc., to her son and reserved the usufruct only so long as she should live.
The defendant admits the execution of all these documents but contends that in 1919 the deceased Charles A. Claudet was in serious financial difficulties and in order to refinance his farming activities it was necessary for him to obtain the title to the property from his mother and it was only for the purpose of temporarily assisting him in his refinancing efforts and that no delivery or possession of the property in question was ever made and there was no intent on the part of Charles Claudet to accept the transfer of title to the property from his mother, and with this explanation defendant admits the execution of the corrected deed of March 4, 1919.
Defendant then answers that Charles Claudet, after the execution of the deed of March 4, 1916, never demanded or assumed possession as owner of the property or claimed or pretended to be the owner of the property and always treated the document as a mere accommodation to him. The property was never assessed to him and he never paid or attempted to pay any state, parish or other taxes, and always recognized his mother as the true *525 and lawful owner of the property. Defendant then sets forth that after March 4, 1919 for a considerable length of time Charles Claudet struggled in vain to refinance his farming activities and to pay his obligations, and that in the year 1923 he abandoned all hope of liquidating or refinancing his mortgage and other indebtedness and he therefore executed a deed selling and conveying to his mother, among other property, the same property which he had bought from her in 1916 and about which the corrected deed was executed in 1919. However, he excepted therefrom the residence, yard etc. It is the defendant’s contention that the exception in this deed is nothing more nor less than a recognition by Charles Claudet that his mother was already the lawful and legal owner of the tract of land, that is, the land upon which the residence, yard and outhouses are stituated and which are in dispute in this suit, and that by transferring everything except that which the mother reserved to herself in the act of 1916 he confirmed and ratified the title to the disputed land and improvements in his mother.
On the trial of the case an objection was made under Article 2236 and 2276, LSA-C.C. to the introduction of any parol evidence against or beyond what was contained in the authentic acts executed by Mrs. Evalina LeBlanc, Claudet to Charles Claudet, her son, on January 18, 1916, and corrected on March 4, 1919. The court in effect referred the exception to the merits, heard the testimony and in his reasons for judgment gave full effect to testimony offered by the defendant in substantiation of its defense and held with regard to the wording of the exception as contained in the deed of 1923 wherein Charles Claudet sold certain property to his mother, Mrs. Evalina LeBlanc Claudet, that:
“This clause has reference to' the property in litigation.. . It states that the property ‘was reserved’ by Mrs. Evalina LeBlanc Claudet in an act of sale bearing date of January 18, 1916, and goes to the extent of identifying the Conveyance Book and Page in which the act of January 18, 1916, is recorded, that is to say, - C.B. 47, .page 36. This act is on file as ‘a-3’ in this proceeding. By excluding from the sale, of February 1, 1923, the land involved in this suit by stating ‘which were reserved by Mrs. Evalina Le-Blanc, widow of Charles Amant Clau-det, in an act of sale bearing date of January 18, 1916 * * * ’ and by making specific reference to the re-cordation of said act in ‘C. B. 47, page 36’, the Court leans to the construction of.this portion of the description of the land sold, as being intended by the parties to mean that the property already belonged to Mrs. Evalina LeBlanc Claudet, at least it was an acknowledgment to that effect, and hence the vendor, Charles A. Claudet, could not transfer to his mother that which admittedly already belonged to her and which was reserved by her as a result of the act of January 18, 1916, with the recordation of said act correctly identified in the said sale of February 1, 1923.’.’'
The District Judge, in support of his ruling, allowing the introduction of testimony by the defendant, cited Reuter v. Reuter’s Succession, 206 La. 474, 19 So. 2d 209, 212. In that case there was no question but that the agreement involved was uncertain as the Supreme Court observed that the defendant’s attorneys “say that. the agreement is uncertain”, and therefore it was .ambiguous and required interpretation and parol evidence was admissible to explain the agreement and to prove the intention of the parties to it. In the present case it is clear and indisputable that Mrs. Evalina LeBlanc Claudet, by deed executed March 4, 1919 and which was to correct the deed which she. executed in 1916, transferred absolutely to Charles Claudet with a. reservation of the usufruct, the property in dispute, and therefore in 1923 when he sold the property he had acquired from his mother as well as other property, he excepted therefrom “the residence known as the home .of *526 the late C. Amant Gaudet, together with the outhouses attached thereto, the yard and all things pertaining to same,” and then the deed says: “which were reserved by Mrs. Evalina LeBlanc, widow of C. Amant Claudet, in an act of sale dated January 18, 1916. * * * ” Can it be said that the language of this exception is ambiguous or uncertain? We think not. It is plain that Charles Claudet was excepting from this sale the same property which his mother had reserved in the act of 1916, but by no stretch of the imagination can one say that he had nullified or estopped himself or his heirs from asserting ownership to • this property by virtue of the deed of March 4, 1919. The testimony should have been excluded under Articles 2236 and 2276, LSA-C.C., and as there was no fraud or error set up in the answer of the defendant, under Lawrence V. Claiborne, 215 La. 785, 41 So.2d 680, the testimony of the defendant should have been excluded.
Even had the testimony been properly admitted, then the proof is not sufficient to nullify the transfer of the property to Charles Claudet in the deed of March 4, 1919.
The defendant has offered her own testimony and that of her nephew that Charles Claudet was a poor financier and was badly in need of refinancing in 1919, and that after 1923 and all along, Charles Claudet admitted to his mother in their presence that the home was hers. However, in the defendant’s testimony under direct examination, when being questioned as to who was present when any of the conversations between her brother, Charles Claudet and her mother took place in 1940, she answered:
“Jules Delaune, at 1036 Canal Street, in my apartment when mama asked Charles who the residence belonged to. He said, ‘You know the residence, yard and outhouse belong to you.’ She said, ‘Charles, there is an act of sale you should have cancelled and I want you to go to Thibodaux and have it cancelled.’ He refused. That was the year of 1940. He died in 1941.” (Emphasis added.)
By her own testimony she cast a most serious doubt upon her statements that Charles always admitted his mother to be the owner of the property in question, for here we have him in 1940, which is 17 years after the reservation by him of the property in question by deed in 1923, refusing to “cancell the 1923 deed.”
In addition, we have in the record a letter from attorneys representing defendant’s mother to Mrs. Bertha D. Claudet, the widow and one of the plaintiffs herein, which is as follows:
“March 27, 1946.
“Mrs. Bertha D. Claudet
5325 St. Charles Avenue
New Orleans, Louisiana
Re: Mrs. Amant Claudet
“Dear Mrs. Claudet:
"Our client, Mrs. Charles Amant Claudet, wants to move into the residence in La-Fourche Parish, located on the right descending bank of Bayou LaFourche and about 24 miles below the town of Thibo-daux, said residence being the old Claudet home which was sold by Mrs. Claudet to your deceased husband, Charles A. Claudet, and the use and enjoyment of which was reserved by our client.
“We understand that you have the keys to the house and also that you have some furniture stored therein. We would like to have this key and want to know whether you will deliver it to us or if you will tell us where we can obtain it we will pick it up.
“Our client desires to move into said house within the next ten days and also desires that you remove your furniture from the house.
“Will you kindly let us hear from you.
“Very truly yours,
Rittenberg and Rittenberg
by P. D. Rittenberg.”
Therefore, in 1946 evidently defendant or Mrs. Evalina LeBlanc Gaudet, widow *527 of Charles Amant Claudet, through these attorneys recognized that Mrs. Evalina Le-Blanc Claudet only had the usufruct of the property in question.
In addition we have the testimony of one of the plaintiffs, the widow of Charles Claudet, that three days after her husband died the defendant and her mother came to see her and at that time asked her if she would -consider selling the house if she, the mother, obtained a sale for her property, and she told them that it depended upon how she would be fixed “in the matter of a home.” She further testified that her husband had always told her that if anything happened to him that the home was hers, and that she had been approached to sell the property in question and she had refused.
.We are therefore of the opinion, first, that the deed was not ambiguous and uncertain and the parol testimony should not have -been admitted and, second, that even if it were, that the defendant has failed to nullify the deed of March 4, 1919, and that, therefore, the judgment of the District Court should be reversed and the plaintiffs recognized as the owners and entitled to possession of the property in dispute.
It is therefore ordered, adjudged and decreed that the plaintiffs be decreed the true and lawful owners of the following described property:
“A certain tract of land or lot of ground situated in the Parish of La-fourche, State of Louisiana, on the right descending bank of Bayou La-fourche, at about twenty-four miles below the Town of Thibodaux, measuring one hundred sixty eight (168) feet, more or less, front on the right of way of State Highway No. 78, the upper ninety-seven (97) feet thereof having a depth of four hundred eighty-one (481) feet, more or less, and the lower seventy-one (71) feet having a depth of four hundred five (405) feet, more or less, bounded in front by right of way of State Highway No. 78, above by property of Mrs. Charles A. Claudet, Sr., in the rear by property of Mrs. Charles A. Claudet, Sr., and below by property of Mrs. Charles A. Claudet, Sr., together with all the buildings and improvements thereon and all rights, ways and privileges thereto belonging,”
and as such entitled to the full and undisputed possession thereof, and it is further ordered that the defendant deliver possession of said property to the plaintiffs and that the defendant pay all costs.