JANVIER, Judge.
Plaintiff seeks to be declared the owner of a piece of improved real estate in New Orleans which bears the Municipal Nos. 4036-038 General Ogden Street and is in Square 636 bounded by General Ogden, Marks, Peach and Holly Grove Streets. It is designated as Lot No. 1 in that square and measures 30 feet front on General Ogden Street by a depth of 120 feet between parallel lines. Plaintiff prays for judgment declaring him to be the owner of the property and enjoining defendant from disturbing him in its peaceful possession and occupancy. He avers that he entered into a verbal agreement with defendant under which the property was to be transferred by him to Guaranty Savings & Homestead Association in New Orleans and by that Association to defendant, in order that a loan might thus be obtained, the proceeds of which were to be used in the payment of a certain obligation to Commonwealth Homestead Association which was in arrears.
He avers that he was then living with this defendant in open concubinage and that the transfer of the property to the Guaranty Savings & Homestead Association and by it to defendant was made for this purpose only and was not intended to actually convey title to defendant and that, therefore, the transaction, as a result of which the property now stands in the name of defendant, was “a simulation, pure and simple.” There is no allegation of fraud or error.
Defendant admitted that the property has been transferred by plaintiff to the Guaranty Savings & Homestead Association and by it to her, but denied all of the other allegations of the petition. There was judgment dismissing the suit and plaintiff has appealed.
The principal argument on behalf of plaintiff is directed at the fact that, in the notarial act by which the property was transferred by him to the Homestead Association, there is no stated price. At the place at which the price should have been inserted, there is left a blank. This'omission was explained by the notary before whom the two notarial acts were executed as resulting from a delay of several months which elapsed between the time at which the notarial acts were prepared and the time at which they were ultimately executed. The testimony of the notary clearly indicates that, in addition to the amount of the unpaid and overdue mortgage indebtedness to Commonwealth Homestead Association, there were other debts due by the plaintiff and that the amount of the transfer was to be determined by adding those other *265 debts to tbe amount due to the Commonwealth Homestead Association and that, during the several months which elapsed between the preparation of the acts and their final execution, attempts were made to secure sufficient funds for the retirement of all of the obligations and that the blank setting forth the price was to be filled in with the total amount of those obligations and that when that was finally obtained and the acts finally executed, he, the notary, inadvertently failed to insert that amount in the first notarial act.
The record convinces us that this is what occurred and that, in addition to the amount due to the Commonwealth Homestead Association, there were various amounts due to other persons, including amounts due to the defendant, and that the understanding was that the property would be transferred to the Association and then a loan would be made to the defendant of a sufficient amount to retire the obligations and to take care of the amount already due defendant.
The record convinces us, as it did the District Judge, that the amounts which were finally used in retiring the other obligations were produced by the defendant and not by the plaintiff and that, therefore, the total amount for which the property was transferred to the defendant included the amount due on the mortgage to the Commonwealth Homestead Association and those other amounts due to other creditors, including defendant. The record also shows that plaintiff had advertised the property for sale asking a considerably higher price and that, when he secured no satisfactory offer, it was then that the arrangement was made by which, through the Guaranty Savings & Homestead Association, he was to transfer the property to the defendant.
In addition to the fact that we think that the price included the loan, plus the additional amounts which defendant had produced, we have reached the conclusion that plaintiff cannot be heard to complain that the “price” was not stated in the act from him to the Guaranty Savings & Homestead Association since the Homestead Association is not a party to this suit.
There is another reason for which we think plaintiff’s suit was properly dismissed and that is that, though this is alleged to be a simulation and that the property was put in the name of defendant merely for convenience, plaintiff has produced no counter letter and has Bled no interrogatories on facts and articles and has not attempted to prove fraud or error.
 It is well settled that, where one person places property in the name of another and then attempts to recover back the property on the ground that that transfer was made only for convenience, proof to that effect cannot be made except by means of a counter letter, or by the filing of interrogatories on facts and articles, or by the proof of fraud or error. See Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680, and Locascio v. First State Bank & Trust Company of Hammond, 168 La. 723, 123 So. 304.
This is not a case in which a third party claims to be victimized by a fraudulent transfer of property. Obviously in such a third party action it could not be expected that the third party might procure the production of a counter letter or might obtain favorable answers to interrogatories on facts and articles. In such third party actions other proof may and, in fact, must be resorted to.
When this matter was on the docket of the Supreme Court plaintiff filed a motion to remand the matter to the District Court to afford an opportunity of offering newly discovered evidence tending to impugn the veracity of defendant.
During the trial in the District Court the defendant had denied that she had been living with plaintiff in concubinage or as his common law wife. The motion to re *266 mand is based on the statement that there have been found certain documents which evidence admissions by defendant that she had been living with plaintiff as his common law wife. When the motion to remand was filed in the Supreme Court, that Court held that it could not, at that time, determine whether such new evidence would be of sufficient probative value to affect the final determination of the controversy on its merits and said that the motion would “be considered and determined when the case is heard and submitted on the merits.” The matter was then transferred to this Court under authority of LSA-Const. Art. 7, § 30.
Article 906 of our Code of Practice, which was effective in 1956 when the motion to remand was before the Supreme Court, provides that: “ * * * if the court shall think it [is] not possible to pronounce definitely on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law.”
This article of our Code of Practice (906) and other related articles from ‘905 through 908 have been superseded by Article 2164 of our Code of Civil Procedure, and we do not find anything in this article (2164) nor in Article 2163 which would require that in such situation as we find here the matter must be remanded. The requirement in Article 2163 that a motion to remand must be granted is applicable only where a peremptory exception of prescription is filed in the appellate court.
Our study cf the record convinces us that the transfer of the property by plaintiff to defendant was bona fide and was intended to transfer title and that even if it be found that defendant prevaricated as to her former relationship with the plaintiff, this conclusion would not be altered. Accordingly, we see no reason to remand the matter and the motion to remand is overruled.
The judgment appealed from is affirmed at the cost of plaintiff.
Motion to remand denied; judgment affirmed.