210 So.2d 180 (1968)
Mrs. C. W. BASH, Administratrix of the Succession of Fred Davis, Plaintiff-Appellant,
v.
Mildred SIMS, Defendant-Appellant.
No. 10917.
Court of Appeal of Louisiana, Second Circuit.
January 11, 1968.
On Rehearing April 30, 1968.
*181 Morgan, Baker, Skeels & Coleman, Shreveport, for plaintiff-appellant.
J. C. Smith, Shreveport, for defendantappellant.
Before GLADNEY, AYRES and BARHAM, JJ.
GLADNEY, Judge.
This action was brought by Mrs. C. W. Bash, Administratrix of the Succession of Fred C. Davis for the purpose of having canceled and erased from the Conveyance Records of Caddo Parish an act of conveyance purporting to be an act of sale between Fred C. Davis and the defendant, Mildred Sims, dated September 3, 1965, and to have the Succession of Fred C. Davis recognized as the true and lawful owner of the real estate described in the deed, and other property of Fred C. Davis.
The defendant asserted that the deed purporting to bear the name of Fred C. Davis was signed by him and resulted from a verbal agreement in which Davis agreed to convey to her all property owned by him in consideration of services to be rendered until his death and that thereafter she would become the unconditional owner of the property remaining.
Upon the issues presented the trial court rendered judgment rejecting the demands of plaintiff for the cancellation of the deed and awarding the defendant, Mildred Sims, $2,500 for services rendered and further *182 ordered the defendant, Mildred Sims, to convey to the Succession of Fred C. Davis all of the property transferred by the decedent to the defendant and not expended in his care. The parties in interest have appealed devolutively and suspensively and each side has filed answers to the appeal.
Plaintiff asserts that the lower court erred in awarding funds in any amount to Mildred Sims, but that should the court hold defendant is so entitled then in such event the sum found to be due Mildred Sims should be placed on the tableau of distribution in the Succession of Fred C. Davis, and defendant be paid as an ordinary creditor of the succession; that the court erred in failing to order the erasure and cancellation of the deed; and that the court was in error in its taxation of the court cost.
The defendant on this appeal declares she is aggrieved by the judgment of the trial court ordering her to convey to plaintiff the immovable and other properties of defendant not expended in the care of Davis, and alternatively, it is urged the court erred in granting to defendant an insufficient amount of $2,500 and that she should be decreed the owner of all the property of which defendant should die possessed, with costs being assessed against the plaintiff.
Fred C. Davis was approximately 75 years of age at the time of the death of his wife in 1960 and was very nearly blind at that time. There was one son of the marriage who died shortly before Davis. The testimony of neighbors and friends indicated that even prior to 1960 Davis was dependent on other people for almost everything to be done outside of the home. Davis lived in the Southern Hills area of Shreveport until July 20, 1965 at which time he purchased a home in the Cedar Grove area. Shortly thereafter he became seriously ill and entered the P & S Hospital August 30, 1965 where he was attended by Dr. Joe E. Holoubek. The doctor testified Davis was critically ill with anemia and heart failure; the anemia, in his opinion, being due to an inadequate diet. Upon his release from the hospital on September 11, 1965 the patient was placed in a nursing home. Shortly thereafter Davis died in the nursing home on October 9, 1965 at the age of 81 years.
Mildred Sims, a single woman, testified that she met Davis in 1960 and did numerous things for Davis but she did not see him for about eight months before he moved to Cedar Grove. However, after he had moved, in response to a call she came to see him again, at which time she saw that no one was looking after him and she began to regularly give her assistance to his needs. She testified further that on August 21, 1965 Davis informed her he had reached a time when he needed someone to look after him for the rest of his life and gave her a signed blank check and told her he wanted her to take care of him during the remainder of his life; that he wanted to place all of his property in her care so that she could have money to spend upon him as it was needed; and that any amount remaining at his death was to be hers. Miss Sims related that pursuant to this conversation she caused her attorney to prepare a deed to the real estate owned by Davis and carried it to the P & S Hospital where it was signed by Davis in the presence of herself and Mrs. Verna Lee Deloach, a registered nurse at the hospital. The deed as executed was held by Miss Sims and not recorded until October 11, 1965, two days after the death of Davis.
Ira Moss, an official of the American Bank & Trust Company, testified that he had known Davis personally a number of years prior to his death and that Davis did his banking with his bank; that he often visited with Davis and the latter had discussed his financial affairs with him on many occasions, he having last visited Davis in the hospital during his last illness. After this visit Moss arranged a special bank account for Davis from which Mildred Sims could draw funds for his expenses and needs. Moss testified that at no time did Davis ever say anything to him or in his presence from which he inferred that it was *183 his intention to leave to Miss Sims the remainder of his estate upon his death.
Mrs. Deloach testified that she was present when the deed of September 3, 1965 was signed. Upon being asked whether there was any discussion of the deed at the time it was signed by Davis, Mrs. Deloach replied that she asked what she was going to sign and that Miss Sims replied it was a deed to the house so that there would be money if it was needed to take care of his expenses. Additional testimony was given by Mrs. Syble Poston who testified that she was a sitter in the hospital with Davis and that on one occasion while Ira Moss was present, she heard Davis tell Miss Sims "It is up to you to hold this bill down. I don't want to go and pay you nothing for your trouble." Also she said she heard Davis make the remark, "I want Miss Sims to have the bulk of what I leave."
Counsel for Mildred Sims timely objected throughout the trial to the introduction of any testimony concerning confection of the deed and the consideration recited therein, "* * * $500.00 and other good and valuable consideration * * *" on the ground that parol evidence was not permissible to alter or vary the terms of the deed as there had been no allegation of fraud or error in its confection. In overruling the objections, the trial judge noted that plaintiff had alleged Davis was blind and ill and had charged Mildred Sims had misrepresented to Davis the purpose of the execution of the deed, and that such allegations were sufficient to permit the introduction of parol evidence to sustain the validity of the deed, and further, that defendant herself had explained the existence of another and verbal contract between herself and Davis of which contract the deed was but a part, and such evidence was also admissible in explanation of a contemporaneous matter. The court determined the deed had actually been signed by Fred C. Davis and this ruling is supported by a preponderance of the evidence. In his opinion the trial judge declared:
"We therefore conclude that what Miss Mildred Sims did for the decedent, Fred C. Davis, up until the time of their conversation on August 21, 1965 when he discussed with her the transfer of his property to her, she did gratuitiously, and with no express or implied promise on the part of Mr. Davis to compensate her for these services, and no intention on her part to demand such compensation. However, we are convinced that when talking to her on this date he knew that he would not be able to take care of himself from this time forward and that he did intend to transfer to her his property in order that she would have funds with which to pay his expenses and, at least, she felt that she should be compensated for her services from this time forward. We do not think, however, that it was ever the intention of Fred C. Davis to make any donation to Miss Mildred Sims of any of his property; but that the transfer was made for the purpose of her paying his expenses and providing him with the necessities of life, and that she should, of course, be compensated for her services in looking after him. We agree with Miss Sims that it is difficult to place a value on her services in looking after Mr. Davis, giving him encouragement and moral support during his last illness, and providing for the preparation and shipping of the body to his former home in Indiana after his death. But we feel that the sum of $2,500 would be proper."
During the trial of the case counsel for Mildred Sims timely objected to the admission of parol evidence offered for the purpose of contradicting the character of the deed, and as a basis for this contention invokes the legal principles declared in LSA-C.C. Arts. 2236, 2237 and 2276, which articles in effect prohibit the admission of such evidence against or beyond what is contained in the deed (Art. 2276) except upon proof of fraud, error, or forgery, or the existence of a counter letter. These codal articles and the jurisprudence which supports them are strictly adhered to by the courts, but a long line of jurisprudence has *184 likewise established the rule in this State that motive or real consideration can always be established by parol evidence, and the cause of a contract is always open to proof, explanatory of its true nature as between the parties. Citing this legal principle and a long line of cases supporting it, Chief Justice Fournet in Love v. Dedon, 239 La. 109, 118 So.2d 122 (1960) quoted approvingly from the case of Dickson v. Ford, 38 La. Ann. 736 to the effect that:
"* * * The reason or the philosophy of the rule which, as an exception, flows logically from the very terms of the general rule, is that parol evidence, in such cases, is admitted, not against or beyond what is contained in the acts as a contradiction of the clear recital or legal meaning of the stipulations contained therein, but on the contrary, to give effect to the contract arising therefrom, by supplementing necessary information omitted therefrom, or to ascertain the true intent of the parties when the same is not clearly expressed or described therein. As thus understood and construed, the rule is not amenable to the charge that it tends to destroy or impair the sanctity or binding force of authentic acts, but on the contrary, it tends directly to enhance the validity and efficacy of such acts, by substituting light for darkness, certainty for obscurity, and truth for error.' [118 So. 2d 122, 124]
Therefore, when parol evidence is tendered for the purpose of showing motive for the execution of the contract and not offered to invalidate or destroy the instrument the parol evidence should be admitted. Collins v. Brunet, 239 La. 402, 118 So.2d 454 (1960).
Predicated upon these authorities, the trial judge properly overruled the objection as to the admissibility of the parol evidence.
After giving careful study to the evidence, we have reached virtually the same conclusion as did the trial court and hold that the transfer of Davis' property to Mildred Sims was for the purpose of his own convenience and was not in the nature of a donation intended to vest her with title upon his death. We agree also with the trial judge that Davis expected to remunerate defendant for her services which lasted following the oral conversation on August 21, 1965 until the date of death of Davis on October 9, 1965. Measured by the fact that during this period Davis spent much of the time in the hospital and nursing home, the amount awarded to the defendant for her services is adequate.
Counsel for the Administratrix urge that if an award is made to defendant the judgment appealed should recognize the defendant as a creditor for the amount and direct that the amount be placed on the tableau of distribution to be paid in due course of administration. We find this request meritorious by reason of the requirements of LSA-C.C.P. Art. 3247.
Accordingly, for the reasons hereinabove set forth, the judgment will be amended, and, as amended, affirmed and recast to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of Mildred Sims and against the Succession of Fred C. Davis in the full sum of $2,500, together with interest thereon at the rate of 5% per annum from judicial demand until paid; provided that as to such award this judgment shall only be executory and enforceable against Mrs. C. W. Bash, Administratrix for the Succession of Fred C. Davis, as a liquidated claim against said Succession; that the Administratrix is ordered to list Mildred Sims as a creditor of the Succession for said amount and to place the amount on the tableau of distribution as a claim against the Succession, to be paid in due course of administration.
It is further ordered that Mildred Sims be ordered to convey and deliver to Mrs. C. W. Bash, Administratrix of the Succession of Fred C. Davis all property conveyed by *185 Fred C. Davis to Mildred Sims not expended in caring for or on behalf of the decedent, Fred C. Davis, including more particularly the following described real estate:
South Half (S/2) of Lot 1249, Cedar Grove Addition, a subdivision of Caddo Parish, Louisiana, as per map thereof in Book 50, Page 389, Conveyance Records of Caddo Parish, Louisiana, with all buildings and improvements located thereon, being Municipal No. 301 East 71st Street, Shreveport, Louisiana;
and that in the event the defendant Mildred Sims does not issue the formal act of sale above referred to within ten days after this judgment becomes final, then this judgment shall have the effect of recognizing the Succession of Fred C. Davis as the owner of the above described real property.
It is further ordered that all other demands of either party not herein expressly determined are hereby denied.
All costs of court, including costs of this appeal are to be paid by plaintiff and defendant in the proportions of one-half each.
As so amended, the judgment is affirmed.
Before AYRES, PRICE and STEPHENS, JJ.

On Rehearing
AYRES, Judge.
This is an action to cancel and erase from the public records a deed from Fred C. Davis, now deceased, to defendant, Mildred Sims, and to effect a return of the property to Davis' succession.
The facts are detailed and the issues are discussed in our original opinion; they need not be repeated. This court, as did the trial court, found that the deed was executed by Davis to the defendant for a valid consideration in the nature of services and support rendered and to be rendered by defendant to him so long as he lived. Defendant contends that the court, in view of these findings, erred in directing defendant to convey the property to Davis' succession and in relegating her claim, as an ordinary creditor of the estate, to the sum of $2,500, determined as the value of the services rendered Davis prior to his death.
Services rendered by a grantee of immovable property, as well as obligations to support the vendor, constitute sufficient consideration to sustain a transfer of property. Under proper allegations, this consideration may be established by parol evidence. Bertucci v. Bertucci, 224 La. 364, 69 So.2d 502 (1953); Landry v. Landry, 40 La.Ann. 229, 3 So. 728 (1888); Kinney v. Kinney, 150 So.2d 671 (La.App., 3d Cir. 1963); Lamkin v. Hanna, 135 So.2d 659 (La.App., 2d Cir. 1961); Brown v. Johnson, 11 So.2d 713 (La.App., 2d Cir. 1942cert. refused); White v. White, 7 So.2d 255 (La.App., 2d Cir. 1942); Ryals v. Ryals, 199 So. 481 (La.App., 2d Cir. 1940); Quarles v. Quarles, 179 So. 512 (La.App., 2d Cir. 1938).
It is axiomatic in the law and of the jurisprudence of this State that where the owner of an immovable, in the absence of fraud or error, vests title thereto in another, such title can be divested, as simulated, only upon the production of a counter-letter or upon the basis of answers to interrogatories on facts and articles propounded to the apparent owner. Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680 (1949); Franton v. Rusca, 187 La. 578, 175 So. 66 (1937); Maskrey v. Johnson, 122 La. 791, 48 So. 266 (1909); Terrell v. Wright, 161 So.2d 103 (La.App., 2d Cir. 1964).
Defendant complains of error in the action of the trial court, as well as of this court, in admitting and considering parol evidence to contradict, alter, and vary the terms of the deed, and in holding that the deed was anything other than an absolute conveyance of the property described therein.
The statutory rule is that:
"Every transfer of immovable property must be in writing; but if a verbal sale, *186 or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold."
LSA-C.C. Art. 2275.
Moreover, LSA-C.C. Art. 2276 provides that:
"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
Thus, in an action brought against the widow and heirs of a deceased person for the recovery of real property standing in his name at the time of his death on the theory that the deceased was agent for plaintiff and improperly took title in his name, it was held that parol evidence was inadmissible to establish that the deceased was plaintiff's agent to purchase the property or for the purpose of establishing title in the plaintiff. Sagory v. Bouny, 42 La. Ann. 618, 7 So. 785 (1890).
See, also: Lawrence v. Claiborne, supra; Serio v. Chadwick, 66 So.2d 9 (La.App., 2d Cir. 1953); Freed Realty Co. v. Singer, 5 La.App. 551 (Orl. 1927).
Plaintiff's attack upon the deed is without merit. As found by the trial court, and this court in its original opinion, the charge of forgery was not sustained. Davis actually signed the deed and there was no proof of fraud or error in its confection. Effect must be given the instrument as written.
For the reasons assigned, it is Ordered, Adjudged, and Decreed that the judgment appealed be, and it is hereby, annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that the defendant, Mildred Sims, be, and she is hereby, recognized and decreed the owner of the following-described property, to-wit:
South ½ of Lot 1249, Cedar Grove Addition, Caddo Parish, Louisiana, together with all buildings and improvements located thereon and all furniture, fixtures, appurtenances, appliances and other contents whatsoever attached thereto or situated therein, as per deed dated September 3, 1965, and as recorded in Book 1087, page 37 of the Conveyance Records of Caddo Parish, Louisiana.
Plaintiff is assessed with the costs of court, including the cost of this appeal.
Reversed and rendered.