RODNEY C. KING *v.* Z. PRESTON and WM. HALL.

Where property insured by the vendor was sold, and the policy not assigned to the vendee, the latter
cannot, after a loss, recover from the vendor the amount of insurance collected by him.
A cotton plantation was sold, subject to an unexpired lease. Before the lease expired, the cotton
gin was burnt. *Held:* that the vendor was not liable for the deterioration in the value of the
plantation caused by the fire, which was the result of the carelessness and negligence of the lessee.
The lessee was not the mandatary of the vendor. He was a third person, who had rights which
neither the vendor nor vendee could disturb. Code, 2704.

APPEAL from the District Court, Tenth District, Parish of Tensas, *Snyder*, J.
*Farrar*, for plaintiff and appellant. *Stacy & Sparrow*, for defendant.

LEA, J. The litigation in this case is based upon the following state of facts:

On the 27th day of October, 1851, the plaintiff entered into a written agreement with the defendants to purchase for them "a tract of land known as the Isthmus Plantation," for which he was to give them certain endorsed notes upon the execution of a good and valid title by the vendors, who were also to assign to the purchaser, as it is expressed in the Act, "the article of lease to *R. W. McRae,* which expired on the 1st of January, 1852."

On the 11th November a formal act of sale was passed before a notary, in pursuance of the foregoing agreement, by which the defendants conveyed the tract in question to the plaintiff; no mention was made in the act of the assignment of the lease, but, taking the two documents together, (and this view is fully borne out by the evidence) we consider that it was understood to be a sale of a plantation subject to a lease, the termination of which was well known to both parties.

On the 4th of November, 1851, the defendants effected an insurance upon the gin and on the plantation for the sum of $5000. At the time of the sale this policy was not transferred to the purchasers, nor was there any agreement to transfer it. On the 30th December the cotton-gin on the place was destroyed by fire. The defendants claimed the insurance money, and after some difficulty with the company, they effected a compromise, in pursuance of which they were paid the sum of $3440.

The plaintiff in this suit rests his claim upon two apparently distinct causes of action. First, he alleges that as the purchaser of the property insured, he was entitled to receive the insurance money which the defendants received and converted to their own use, and secondly, that in consequence of the defendants' failure and refusal to deliver the premises to him, which, as vendors, they were bound to do, they became liable for the deterioration in the value of the plantation caused by the burning of the gin house, which was owing to the carelessness and negligence of the lessee.

We will consider first the nature and extent of the liability of the defendants incident to receipt of the insurance money. There was no contract for an assignment of the policy, nor did a sale of the property operate as an assignment. "The contract of insurance is strictly personal, it is not an incident to the subject insured. It is an obligation to make good to the party really insured any loss that he may sustain from the perils insured against, according to the nature and terms of the insurance, not an obligation to make good any damage that, from the same causes, the property insured may sustain without regard to its ownership." See 2d Duer on Insurance, page 53; also 1st Phillips on Insurance, § 86, 87.

It is needless, therefore, to determine whether the defendants were or were not entitled to recover from the insurance company. Unless the defendants received money which the plaintiff was entitled to recover, the latter has no ground of complaint. It matters not how much money the defendants may have received improperly from the insurers, the plaintiff could not be injured by such payment. We must consider the case, therefore, precisely as if no insurance whatever had been effected. The relation of the plaintiff towards the defendants was that of a purchaser of property subject to an unexpired lease, of which he had full cognizance, and to which he assented. The plaintiff had received such possession as was contemplated by the parties.

It is true no written transfer of the lease was made, but had such been necessary, it does not appear that the defendants were called upon to execute an

KING<br>v.<br>PRESTON.

assignment. It is urged in argument, however, that the plaintiff had the right to disregard the lease, and to demand delivery and possession according to the terms of the act of sale. Assuming even this view of the case to be correct, it does not appear that the defendants were called upon to make such delivery. But this is not the true view of the case; the lessee was not the mandatary of the defendants. He was a third person who had rights, which neither the vendor nor vendee could disturb. C. C., 2704.

Under the circumstances, we think that such delivery was made as was in contemplation of the parties. Considering the nature of the contract, with the full knowledge of the lease on the part of the purchaser, it cannot be said that there was any delay in the fulfilment of the contract on the part of the vendors, or that the property sold sustained any injury through gross neglect on their part.

We think there is no error in the judgment appealed from.

Judgment affirmed.