## TALMADGE v. WEST ORLEANS BEACH CORP., INC., ET AL.

———

(November 3, 1931. Opinion and Decree.)
(November 30, 1931. Rehearing Refused.)
(January 4, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

———

Milner & Porteous and William A. Porteous, Jr., of New Orleans, attorneys for plaintiff, appellee.

Borah & Bloch, of New Orleans, attorneys for defendants, appellants.

HIGGINS, J. This is a suit for the rescission of a contract and the return of certain money paid to the defendants in accordance with its terms. The petitioner alleges that on February 23, 1926, he entered into a written contract to purchase certain land, agreeing to pay the sum of $1,650 therefor; that he obligated himself to pay 10 per cent upon the acceptance of the offer, 15 per cent within sixty days and the balance in three equal annual payments bearing 6 per cent interest; that the defendants agreed to sell the land, to gravel Harvard avenue on which some of the lots fronted; to execute a bond for deed when 25 per cent of the purchase price was paid; to execute a warranty deed to the plaintiff for the property when 50 per cent of the purchase price was paid; to pay all taxes; and further agreed that at the time of the last payment, if the conditions of the contract were not carried out, defendants would refund the entire amount plus taxes and interest at the rate of 6 per cent; that when 25 per cent of the purchase price was paid a bond for deed was issued to plaintiff on June 10, 1926, and when 50 per cent of the purchase price was paid a warranty deed was executed in authentic form on May 11, 1928; that the vendor's lien note securing the balance of the purchase price was negotiated to an innocent third person and that at the time of the last payment, the defendants had failed to gravel Harvard avenue and, under the provisions of the contract, plaintiff requested that his money be refunded, offering to reconvey title to the land to defendants.

Defendants filed a plea of oyer for the written documents which were produced by plaintiff and filed in the record. Both defendants then filed exceptions of no right or cause of action on the ground that the provision, in the original contract giving plaintiff the right to request the refund of the entire purchase price in the event the avenue was not graveled at the time of the last payment, was not incorporated in the bond for deed or the warranty deed and, therefore, was waived and abandoned by plaintiff, the original contract having become merged in the warranty deed. The exceptions were referred to the merits and defendants answered presenting the same issues.

On the trial of the case on its merits there was judgment in favor of plaintiff as prayed for and defendants have appealed.

The record shows that plaintiff was solicited to buy lots of ground in a subdivision which was owned by the West Orleans Beach Corporation, Inc., one of the defendants. Johness Realty & Security Co., Inc., the other defendant, was acting as agent promoting the sale of the real estate. When the original contract was presented plaintiff refused to sign it unless the clause as to graveling Harvard avenue was inserted therein. Plaintiff and the real estate salesman who sold the lots both testified that plaintiff would not sign the original contract until the provision was placed in it. Plaintiff carried out his portion of the contract, but defendants did not have Harvard avenue graveled at the time of the last payment or at the time of the trial of the case. It is undisputed that the provision in question was not incorpo-

rated in either the bond for deed or the warranty deed.

The clause in question reads as follows:

"This agreement to purchase is accepted by the Johness Realty & Securities Co., Inc., Agents for the West Orleans Beach Corporation, Incorporated, with the understanding that at the time of the last payment, if the conditions contained herein are not carried out by the vendor,—the West Orleans Beach Corporation, Incorporated,—the Johness Realty & Securities Co., Inc., agree to refund to the purchaser the entire amount paid plus taxes and interest at the rate of six per cent. per annum, if so requested."

The law on the subject is stated in Corpus Juris, vol. 18, p. 271, verbo "Deeds," as follows:

"Merger of Previous Agreements. As a general rule a deed made in full execution of a contract of sale of land merges the provisions of the contract therein, and this rule extends to and includes all prior negotiations and agreements leading up to the execution of the deed, all prior proposals and stipulations, and oral agreements, including promises made, contemporaneously with the execution of the deed. This is true even where the grantor is not a party to the original contract, provided the deed is made in compliance therewith. Where, however, the deed constitutes only a part performance of the preceding contract, other distinct and unperformed provisions of the contract are not merged in it. And where a contract of sale provides for the performance of acts other than the conveyance, it remains in force as to such other acts until full performance, so also independent and collateral agreements are not merged, nor are a vendor's or a purchaser's covenants necessarily merged or discharged. The question of merger has also been declared to be one of construction, to be gathered from a consideration of the entire contents of the instruments, and the agreement upon which the deed is founded may be admissible or referred to to explain an uncertainty or ambiguity in the latter. But a person claiming under other representations and agreements than those embodied in the deed must make out his case by clear and certain proofs. Again the general rule is subject to the further limitation, qualification, or exception that there has been no fraud or relievable mistake, no misconception of the deed by either party, and no intent to the contrary. The merger does not take place until the deed is delivered and the consideration furnished."

See, also, Ruling Case Law, vol. 8, par. 74, verbo "Deeds."

In the case of Delogny v. Mercer, 43 La. Ann. 205, 8 So. 903, it appears that the owner of the land issued a prospectus, setting forth the terms of credit and the conditions of the sale. The Supreme Court held that the terms of the prospectus were to be read into the deed.

In the case of Louisiana & A. Ry. Co. v. Winn Parish Lumber Company, 131 La. 307, 59 So. 403, 409, the Supreme Court of this state cited with approval the cases of Delogny v. Mercer, supra, and Taylor v. N. O. Terminal Co., 126 La. 420, 52 So. 562, 139 Am. St. Rep. 537, in the following language:

"It has, moreover, already been sanctioned by this court, in a case in which Bermudez, C. J., as the organ of the court, referring to certain language advertising the sale of real estate and expressing the intention of the owner to leave a certain space in front of the property advertised for the use of the purchasers, held that it constituted 'a covenant running with the land.' Delogny v. Mercer, 43 La. Ann. 205, 8 So. 903. In a later case, in which it appeared that a railroad company had acquired land with the obligation to fence and drain it and construct crossings thereon, it was held that a servitude was thereby created in favor of the adjacent land, and that the right to enforce it passed with the title, which was about the same thing as to hold that it was covenant running with the land. Taylor v. N. O. Ter-

minal Co., 126 La. 420, 52 So. 562, 139 Am. St. Rep. 537."

Returning then to the original contract and construing it in connection with the bond for deed and warranty deed, we observe that the original agreement contemplates certain successive steps of performance at future intervals or periods of time. After the plaintiff had paid 10 per cent of the purchase price upon the acceptance of the offer and an additional 15 per cent within sixty days, defendants were obliged to issue a bond for deed to him. When plaintiff paid in 50 per cent of the purchase price he was entitled to a warranty deed, which was executed in his favor. The plaintiff was then required under the express terms of the original contract to pay the other half of the purchase price in three equal annual installments bearing 6 per cent interest. Defendants had this period of time in which to construct a gravel road on Harvard avenue. The contract specifically provided that when the last payment was made if the defendants had not constructed the road, plaintiff would have the right to request a refund of the entire purchase price and any taxes that he might have paid, with interest at the rate of 6 per cent per annum.

Taking these three documents into consideration it appears to us that the execution of the bond for deed and warranty deed were not subsequent agreements intended by the parties to cover the entire subject matter and merge everything into one agreement. The execution of the bond for deed and warranty deed were simply acts of performance at different intervals in carrying out the terms of the original agreement. The original contract did not become an executed contract when the bond for deed and the warranty deed were signed and delivered, but remained an executory contract because there were other acts of performance to be done in the future by both parties. Therefore, the failure to put the stipulation in question in the bond for deed or warranty deed could not be construed as an abandonment or waiver of it or a merger of the entire subject matter into a final agreement in the form of the warranty deed.

Counsel for defendants have cited a number of cases which in effect hold that all preliminary negotiations and agreements are to be deemed merged in the final instrument executed by the parties and that a warranty deed to land, without exception or reservations when delivered and accepted is deemed, in the absence of fraud or mistake, a complete relinquishment of conflicting reservations in any prior executory contract. Van Ness v. Mayor of Washington, 4 Pet. 232, 7 L. Ed. 842; Mott v. Richtmyer, 57 N. Y. 49-64; French v. Burnett McMillion, 79 W. Va. 639, 91 S. E. 538, L. R. A. 1917D, at page 229; Clifton v. Jackson Iron Company, 74 Mich. 183, 41 N. W. 891, 16 Am. St. Rep. 621; Horner v. Lowe, 159 Ind. 406, 64 N. E. 218; McMaster v. State, 108 N. Y. 542, 15 N. E. 417; Gayton v. Day (C. C. A.) 178 F. 249; Carr v. Miller-Morris Canal Company, 105 La. 239, 29 So. 715.

These cases are not in point because in each instance the court found from the documents before it that it was the intention of the parties to merge all preliminary matters, provisions, agreements and contracts into the final contract or deed which was delivered and accepted. In the present case the documents convince us that such was not the intention of the parties because the original contract contemplated future acts of performance after the exe-

cution of both the bond for deed and the warranty deed.

We do not believe that there is any merit in the contention of the Johness Realty & Securities Company, Inc., one of the defendants, that as it only acted as agent for a disclosed principal it is not liable, because under the above quoted provision of the contract it is clear to us that it bound itself equally with the principal to return the purchase price in the event the road was not constructed. Thus the mandatary guaranteed the faithful performance of this provision in the contract, and is liable. C. C. 3012.

For the reasons assigned the judgment appealed from is affirmed.