## WAINWRIGHT v. GILHAM.

No. 5783.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 6, 1939.

Rehearing Denied March 8, 1939.

Hunter & Neilson, of Alexandria, for appellant.

T. A. Carter and J. Martin Shevnin, both of Alexandria, for appellee.

TALIAFERRO, Judge.

Plaintiff sues to have his alleged ownership of a 1933 model Pontiac coupe automobile recognized and possession thereof delivered to him by defendant who, it is further alleged, illegally detains the same.

He also sues to recover judgment for an amount to compensate him for the use of the car by defendant during the period of its illegal detention, and for the fee of the counsel engaged to file and prosecute this suit.

Plaintiff alleges that he bought the car from defendant on June 11, 1937, at the same time he purchased all the land she owned at Fishville, Grant Parish, Louisiana, with buildings and improvements thereon and the furniture and fixtures therein; that the price of said car was included in the total price expressed in the act of sale between them; but at the suggestion of the notary public who drafted and passed the act of sale, the said Pontiac car was not specifically described therein; that while the said deed declares the price of the sale of the property actually described in it to be $5,500, of which amount $2,450 was acknowledged to have been paid in cash and the balance payable on terms, evidenced by notes, as a matter of fact said price was made up of the following amounts, viz;

Value of land and improvements $4,000.00
Value of Furniture and fixtures   1,000.00
Value of car .................    500.00;

and that of said $2,450 only $1,000 was paid in cash; that the remainder, $1,450, was paid by delivery to defendant some three weeks after the date of said deed, of a new Packard automobile; that it was mutually agreed that defendant should retain possession of the Pontiac car until plaintiff could order and deliver to her the new Packard; that defendant refused to surrender possession of the Pontiac car to plaintiff after he delivered the Packard to her.

Defendant admits that plaintiff paid $1,450 of the price of the sale by delivering to her said Packard car, pursuant to agreement between them, but specially denies that the Pontiac car was included in the sale or the price therein stated. She avers that soon after the deed was executed she "noticed certain things that she had not excepted from the sale", and busied herself as to how she could procure possession of them, and offered to purchase the same from plaintiff; that they thereafter entered into an agreement whereby she would exchange the Pontiac car to plaintiff for said coveted articles; that plaintiff delivered to her a portion of said articles but refused to deliver the balance thereof and for this reason she has declined to allow him to take possession of said car.

Plaintiff's demands were rejected. He appealed.

The sole question tendered in this case is whether or not the parol testimony offered by plaintiff to prove that the Pontiac car was included in the sale to him by defendant and that the price thereof was covered into the total price expressed in the notarial act they signed, was admissible; no error or fraud being charged. Admissibility of the proffered testimony was objected to on the ground that it would vary and contradict the terms of the written instrument of sale. The trial judge admitted said testimony with the observation that the objection went to the effect of the testimony and not to its admissibility, but he finally rejected it. In passing, the judge a quo remarked that if said objected to testimony should be held to be competent for the purposes offered, plaintiff would be entitled to judgment as prayed for. In this conclusion we unhesitatingly concur. The overwhelming preponderance of the evidence in the case supports plaintiff's contention and repels that of defendant.

Negotiations between the parties and the final agreement reached by them antecedent to the signing of the deed included the Pontiac car at the value above stated. It was equally well understood that plaintiff would discharge $1,450 of the price by delivering to defendant, as soon as procurable, the new Packard. In the interim, the Pontiac was left in defendant's possession for her personal use.

The omission of reference to or a description of the two cars and the part they were playing in the trade, from the executed deed, is solely attributable to the notary public who prepared it. The motor and serial numbers of the Packard were not then known. Therefore, an identifying description of it was not then in hand. To include the cars by any sort of reference with appropriate language descriptive of their respective relation to the transaction would have considerably encumbered the act of sale. To simplify matters, no reference whatever was made to either car. Therefore, it is obvious that insofar as the consideration expressed in the act of sale and its payment are concerned, there is inaccuracy in the instrument. The agreement between them is not in its entirety

expressed in the executed act. These facts are established not only by testimony introduced by plaintiff, under objection, but also by testimony introduced by defendant without objection.

Plaintiff argues that the rule of evidence invoked by defendant is inapplicable to the facts of this case for two reasons, viz:

1. That a transfer of ownership of an automobile may be proven by parol evidence;

2. That the expressed consideration in a contract, whether of sale or otherwise, when inaccurate or incorrect, may be broken down and the true consideration established by evidence other than written, without doing violence to the parol evidence rule.

■ The correctness of the second of these propositions is no longer open to debate in this state. The same rule prevails generally throughout the country. If there is a real and genuine consideration for the contract, it may be proved by any sort of evidence, even though such proof establishes a consideration materially different to that expressed in the written instrument. Morris v. Monroe Sand & Gravel Co., 166 La. 656, 117 So. 763; Queensborough Land Co. v. Cazeaux, 136 La. 724, 739, 67·So. 641, L.R.A.1916B, 1201, Ann.Cas.1916D, 1248; Ruston Brick Works v. Heard, La. App., 177 So. 494.

This question arose in Succession of Rhodes, 164 La. 488, 114 So. 107, 109, and was disposed of by the court thus:

"We find no sound objection to the admissibility of the parol evidence admitted in the case to show the various items which composed the $6,500. This additional sum is agreed upon by Brown and Mrs. Rhodes in their written contract as to the purchase of the property.

"*The purpose of the testimonial proof was not to invalidate the written agreement between Brown and Mrs. Rhodes, or the subsequent act of sale made between the same parties, but was merely to show the true consideration for same, and was clearly admissible for that purpose.* R.C.C. art. 1900; Loranger v. Citizens' National Bank of Hammond (No. 26291 on our docket) 162 La. 1054, 111 So. 418." (Italics ours).

■ In the present case parol testimony was competent to prove the true consideration of the sale, although different in some respects to that expressed in the deed; and when proved, it discloses that plaintiff did not agree to pay $5,500 for the property described in the deed, but did agree to pay $5,000 therefor. That testimony further establishes that the other $500 of the price was the amount he agreed to pay for the Pontiac car. And since the sale of an automobile may be established by parol testimony, it seems to us that nothing remains unsolved in the present case. The three essential elements of a sale are present, to-wit: the thing, price and consent of the parties. Article 2456· of the Civil Code is pertinent: "The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid."

It is true that the sale of the car was interrelated with that of the other property and depended for its ultimate completion upon the consummation of the whole agreement, but since all other phases of the agreement have been complied with by both parties, that portion of same involving the Pontiac car no longer remains in suspense,—title has passed.

If defendant had delivered the car to plaintiff, could she now successfully contend that she had not parted with title to it simply because not described in the written act of sale? We think not. Could not such a contention be disproved as effectively by parol testimony as the contentions of plaintiff have been proved by like evidence? We believe so. In neither instance would the "terms" of the act of sale be infringed. The integrity of that instrument, as originally confected, would remain unimpaired. The conveyance of the property therein described would be unaffected and the obligations of vendor and vendee, as therein fixed, unchanged.

■ We think, for the purposes of this case, that that portion of the agreement involving the sale and purchase of the Pontiac car may be properly denominated and treated as an agreement collateral to the main one. If this be true, it is clear that the terms thereof may be established in the manner herein sought because in no respect do those terms, nor their execution, violate the terms of the written deed between the parties. Regarding such collateral agreements, Jones on Evidence

(4th Edition), Vol. 2, § 439, lays down the rule to be: "The rule excluding extrinsic evidence which is offered for the purpose of varying or contradicting the terms of a written instrument does not preclude the introduction of testimony which has no effect on the terms of a contract, and which is designed to show a collateral parol agreement between the parties * * *."

But regardless of this phase of the agreement, we think the rejected testimony admissible for the purposes offered.

 Appellant has not proved that the Pontiac car has been used by appellee since date it should have been delivered to him, nor the value of such use had it been made. The attorney's fee sued for is not recoverable in a case of this character.

For the reasons herein assigned, the judgment appealed from is annulled, reversed and set aside, and there is now judgment in favor of plaintiff recognizing him to be the owner of the Pontiac coupe automobile herein sued for and defendant is ordered to deliver same to him. All costs are assessed against defendant.