McBRIDE, Judge.
Joseph O. Segari, plaintiff, who, on April 28, 1947, purchased by authentic act from Anthony Uchello, defendant, the property 6123 Canal Boulevard, New Orleans, brings this suit for the recovery of $887.50 as damages, alleging that Uchello, in violation of plaintiff’s rights, failed and refused to deliver physical possession of said property to plaintiff until about forty-five days after the sale.
The answer denies liability. Uchello averred that he was not obliged to surrender possession until sixty days after the act,- and that within that period physical-possession was delivered to Segari.
The crucial point in the case is whether a prior executory agreement entered into in writing between the parties is to be received in evidence.
On March 14, 1947, Segari offered to buy, and Uchello agreed to sell, the property for $22,500.00 cash, the parties stipulating that the formal act of sale was to be passed on or prior to April 15, 1947, “Possession within 60 days after act of sale.” The act makes no mention of the agreement respecting delayed possession of the property. In the act it is recited that the vendor delivered the property to the vendee, who accepted .its delivery.
On .the trial below, seasonable objection was made to the admissibility of the offer and acceptance, on the ground that the authentic act, being full proof against the contracting parties of the agreement contained in it, cannot be altered or changed by any prior agreement not incorporated in the act.
The document was admitted subject to the objection, and, after hearing the case, the trial judge concluded, as appears from his assigned written reasons, that the objection should be sustained and the .document excluded. Judgment was thereupon rendered in plaintiff’s favor for $387.50, from which defendant has taken this appeal. By way of answer to the appeal, plaintiff prays that the judgment be increased to the amount claimed in the petition.
Appellant contends here, as he did below, that the condition contained in the prior offer and acceptance, that possession would be delivered within sixty days after the sale, had been passed, constituted a -collateral agreement between the parties, not in conflict with the act, but separate and distinct therefrom, and that, as such, it was admissible as competent evidence. *724 Counsel cited several cases involving admissible independent collateral agreements. The judge was of the opinion that the cited cases were inapposite. His ruling was founded on the general rule of law that all prior agreements, written or oral, are merged into the act of sale, and the act is conclusively presumed to embrace the whole agreement of the parties on the subject matter covered thereby, and that no evidence is admissible against what is contained in the act to prove what may have been said or transpired between the parties prior, or at the time of, or subsequent thereto.
We think the -judge erred. The proposition of law upon which the ruling was based, however apparently emphatic, is not without well recognized exceptions, one of which is that the rule does not preclude the admission of a valid prior or contemporaneous agreement of a collateral nature, although it is related in a general sense to the written instrument in question, where it is" independent of and not at variance with or contradictory to the express or implied provisions thereof, but instead has for its subject a matter which the parties might naturally deal with separately.
This principle is Clearly stated in 32 C.J.S., Evidence, § 997, p. 970, thusly:
“The rule excluding parol evidence to vary "or cpntradict a writing does not extend so far as to preclude the admission of extrinsic evidence to show a valid prior or contemporaneous collateral parol agreement between the parties, which is separate and distinct from, and independent of, the written instrument, has not been merged in, or superseded by, such instrument, and does not contradict, conflict with, or vary the express or implied provisions thereof or deal with a definite and particular subject matter which the-written instrument expressly or impliedly undertakes to cover. * * * evidence of a parol collateral agreement may be received, regardless of whether or not the written agreement contains any reference to such collateral agreement, or whether or not the oral contract refers to the written contract, * *
Our jurisprudence contains several cases in which collateral agreements were received into the evidence. See Dwight v. Linton, 3 Rob. 57; Davies v. Bierce, 114 La. 663, 38 So. 488; Brandin Slate Co. v. Fornea, La.App., 183 So. 572; Wainwright v. Gilham, La.App., 188 So. 434.
In Davies v. Bierce, supra [114 La. 663, 38 So. 493], the Supreme Court said:
“The test of admissibility in such cases is whether the evidence offered tends to alter, vary, or contradict the written contract, or only to prove an independent, collateral fact about which the written contract was silent. In the ■ former case the testimony is inadmissible; in the latter it is competent and proper.”
There is no doubt in our minds that the prior stipulation found in the agreement of sale partakes of the character of a valid independent and collateral undertaking. It in nowise conflicts with the sale. The act recites that Uchello delivered the property to Segari, and the latter acknowledged delivery thereof for himself, his heirs and assigns.
R. C. C. art. 2475 imposes two principal duties upon the seller; he is bound to deliver, and to warrant the thing sold. Art. 2479 recites that the tradition of delivery of immovables is considered as always accompanying the public act which transfers the property. In Jones v. Dietrich et al., La.App., 186 So. 881, it was said that possession, Actively at least, follows the execution of the notarial act of sale.
The law of this state recognizes two species of possession, (a) natural possession, by which one detains a thing corporeally, as by occupying a house, and (b) -civil possession, which one may enjoy without actual occupancy. R. C. C. art. 3427.
Our opinion is that the stipulation in the offer of purchase made by Segari, which was acceped by Uchello, that the buyer would not be able to have physical and corporeal possession until *725 some time within sixty days after thé date of the act, meant, and could only mean, that upon the passage of the act Segari was to have fictive or civil possession, and that the right to corporeal possession would only be forthcoming at some future date within the above period. It cannot be said that such agreement or understanding is unreasonable, or conflicts with the act of sale. The codal article dealing with the tradition of delivery does not interfere with nor forbid any reasonable written agreement of the sort. Arrangements as to when corporeal delivery of the thing sold is to be made may well be regulated by contracts separate and distinct from the act of sale, and such are admissible as evidence, notwithstanding that the formal act of sale makes no reference thereto.
The Court was concerned with a verbal escrow agreement in the case of Viso v. Gullo, 179 La. 8, 153 So. 3, 4, and what was said there appears to be pertinent here:
“The fact that the law considers the delivery of immovables as always accompanying the public act, which transfers the property, as provided by article 2479 of the Civil Code, does not operate so as to make agreements of escrow, whether written or oral, ineffective. Arrangements ■concerning the delivery of the property and the consequent withholding of the instrument from registry may be orally agreed to, to await the happening of a •condition, without violating the article, as, for instance, to await the payment of a •check, given as consideration for the property, or to afford an opportunity to examine into the title. The article was not intended to interfere with- reasonable arrangements for the transfer of real property.”
In Jones v. Dietrich et al., supra, property was sold by a mother to her child with -the understanding that the mother should live therein. The Court said [186 So. 883]:
“ * * * It was understood that the mother should live on it and use it as she wished to for the balance of her life. Such .contracts between parents and ‘ children are-quite common in this state and are not invalid because of their peculiar character.”
Frequently vendees accept title to property knowing and understanding well that physical possession thereof is not to pass with the act. For instance, in many transactions title is transferred while a- tenant occupies the property. This very situation was present in King v. Preston and Hall, 11 La.Ann. 95. The parties to the sale, by prior agreement, stipulated that the lease was to be assigned to the purchaser, but-no mention of such assignment was made in the act. The court construed the two instruments harmoniously together. We quote from that case:
“On the 27th day of October, 1851, the plaintiff entered into a written agreement with the defendants to purchase for them ‘a tr.act of land known as the Isthmus Plantation,’ for .which he was to give them certain endorsed notes upon the execution of a good and valid title by the vendors, who were .also to assign to the purchaser, as it is expressed in the Act, ‘the article of lease to R. W. McRae, which expired on the 1st of January, 1852.’
“On the 11th November a formal act of sale was passed before a notary, in pursuance of the foregoing agreement, by which the defendants conveyed the tract in question to the plaintiff; no mention was made in the act of the assignment of the lease, .but, taking the two documents together, (and this view is fully borne out by the evidence) we consider that it was understood to be a sale of a plantation subject to a lease, the termination of which was well known to both parties.”
Adverting again to 32 C.J.S., Evidence, § 1003m, at.page 1004 appears:
“This rule has been applied to permit the admission of evidence of agreements relating to * * * the right of possession for a certain time; * *
In the author’s footnote, several cases are referred to: Lindley v. Dakin, 13 Ind. 388; Merrill et al. v. Blodget, 34 Vt. 480; Quimby v. Stebbins, 55 N.H. 420; Hamilton v. Clark et al., Tex.Civ.App., 26 S.W. 515; and Willis v. Hulbert, 117 Mass. *726 151, in the last of which it was said by the Court:
“ * * * It was competent for the plaintiff- to show a parol agreement by which the time of occupancy contemplated in this -provision of the deed was limited. The parol testimony admitted proved a collateral agreement incidentally connected with the stipulations of the deed, but did not contradict them.”
Appellee advances the alternative contention that if Uchello legally had the right to occupy the property within the sixty-day period, it was not contemplated that he could detain the property without' making payment for the value of the use and occupancy.
We can see no merit whatsoever in this argument. Uchello reserved the right to remain in the property for the period fixed, without obligation to pay anything for his occupancy, and Segari understood this to be the situation.
The judgment appealed from is reversed, and plaintiff’s suit is dismissed at his cost.
Reversed.