AYRES, Judge.
Writs were granted under the supervisory powers of this court to permit a review of a judgment of the trial court sustaining an exception of no cause of action urged by plaintiff to defendant’s reconven-tional demands in view of the question presented as to the finality of the judgment and the denial to defendant of an appeal therefrom.
The issues on the merits of the exception relate to the admissibility of parol testimony to establish the existence of an alleged independent, collateral agreement purportedly entered into between plaintiff and defendant simultaneously with the execution of a certain act of sale, vendor’s lien and special mortgage of September 30, 1959, whereby plaintiff Terrell sold and delivered to defendant Wright 17 certain-described lots of the Terrell Hills Subdivision of the City of Shreveport for a recited consideration of $42,787.50, of which amount $2,000.00 was paid in cash and the balance of $40,787.50 on credit, represented by defendant’s note and secured by a vendor’s lien and special mortgage covering the property sold. j
The act of sale passed between the parties specially recited that each of the lots might be released from the vendor’s lien and mortgage upon the payment of a specified sum, from which, however, the vendee was authorized to deduct any payments made upon paving liens or other assessments levied against the property. The vendor warranted that all charges for the installation of utilities had been paid and, moreover, agreed to pay any further charges for such installations.
In accordance with the aforesaid terms, defendant made payments upon and obtained a release of 10 of the lots from the vendor’s lien and mortgage. There remained an indebtedness of $17,212.50 secured by a vendor’s lien and mortgage on the seven remaining lots.
This indebtedness becoming delinquent, plaintiff Terrell proceeded by ordinary process against defendant Wright and sought a personal judgment against the defendant for the amount of said indebtedness plus interest and attorney’s fees as specified in the act, with recognition of his vendor’s lien and special mortgage covering the seven lots. In answer to plaintiff’s petition, defendant admitted the execution of the note and mortgage sued upon, but, nevertheless, denied owing plaintiff anything by virtue thereof in view of an alleged independent and collateral agreement entered into between plaintiff. and defendant.
The allegations with respect to the aforesaid agreement, specified in considerable *105 detail, are to the effect that many of the lots, particularly those remaining unsold by defendant, possessed erosion and drainage problems of such nature and extent they would not conform to the requirements of the FHA; that plaintiff recognized that fact and obligated himself to do such landscaping of the lots as would meet the requirements of the aforesaid governmental agency. This, defendant alleges, plaintiff failed and refused to do, notwithstanding repeated amicable demands, except to the extent that plaintiff paid $140.00 on a “water crossing” on a street of the subdivision and reimbursed defendant $428.98 as extra cost expended in the foundation of some of the houses built upon some of the lots.
Because of plaintiff’s alleged failure to comply with the terms of the alleged collateral agreement, defendant asserts he was unable to build on each of the seven remaining lots because of his inability to secure financing therefor. For that reason, he alleged he had sustained a loss in profit of $2,000.00 per lot, or a total sum of $14,-000.00, in addition to other items of loss such as expenses for the preparation of house plans in the sum of $375.00, taxes paid on the property, $150.00, and certain specified miscellaneous damages in the sum of $250.00, as well as $5,000.00 for mental anguish and worry. Therefore, defendant claimed of plaintiff in reconvention the sum of $19,775.00.
The basis of plaintiff’s exception of no cause of action leveled against defendant’s reconventional demands is that, whereas the purport of the defense is an attack upon the sale from plaintiff to defendant, and the cancellation of the note given to secure the credit portion of the price of the property purchased, defendant has made no allegations of fraud or error; nor has he alleged the existence of a counter letter or other writing. Plaintiff, therefore, contends that parol testimony is inadmissible to contradict, alter, or vary the terms of the authentic act of sale which, we may observe, makes no reference to any obligation of the plaintiff with respect to landscaping the lots sold so as to meet the specifications of the FHA.
The admissibility of parol testimony to establish the existence of the alleged collateral agreement is of primary concern. Of secondary importance is the question of defendant’s right to appeal from the judgment sustaining plaintiff’s exception of no cause of action to defendant’s re-conventional demand.
Defendant concedes the correctness of the principles of law relied upon by plaintiff, as well stated in LSA-C.C. Arts. 2236 and 2276, which provide:

Art. 2236.

“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs, or assigns, unless it be declared and proved a forgery.”

Art. 2276.

“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
Defendant nevertheless contends there are well-recognized exceptions to these rules. Thus, it is contended these rules do not preclude the admission of parol evidence to establish a prior or contemporaneous agreement of an independent, collateral natttre. Cited in support of this proposition are the cases of Segari v. Uchello, La.App.Orleans 1950, 44 So.2d 722; Talmadge v. West Orleans Beach Corporation, Inc. et al., La. App.Orleans, 1931, 137 So. 368; Wainwright v. Gilham, La.App.2d Cir., 1939, 188 So. 434.
From our review of these authorities, we find none of them applicable to the situation presented here. The court in the Segari case, was not concerned with the admissibility of parol evidence. There the parties, prior to the execution of an act of sale, had, in a written agreement, provided that the purchaser would receive *106 “Possession within 60 days after act of sale.” This agreement was in thé nature of a counter letter and, as such, evidenced an independent and collateral 'undertaking with respect to the corporeal delivery of a thing sold, a matter susceptible to regulation by contracts separate and distinct from the act of sale.
The Taimadge case likewise involved a written sales contract requiring the vendor to give bond, deliver deed, and gravel streets at specified times, and thus , contemplated successive acts of performance. Under such a situation, failure to incorporate into bond and deed a provision of contract for future graveling of street did not relieve the vendor of such contractual duty. In this connection, the court made the following observations:
“Taking these three documents into consideration, it appears to us that the execution of the bond for deed and warranty deed were not subsequent agreements intended by the parties to' cover the entire subject-matter and merge everything into one agreement. The execution of the bond for deed and warranty deed were simply acts of performance at different intervals in carrying out the terms of the original agreement. The original contract did not become an executed contract when the bond for deed and the warranty deed were signed and ■ delivered, , but remained an executory contract because there were other acts of performance to be done in the future by both parties. Therefore, the failure to put the stipulation in question in the bond for deed or warranty deed could not be construed as an abandonment or waiver of it or a merger of the entire subject-matter into a final agreement in. the form of the warranty deed.
“Counsel for defendants have cited a number of cases which in effect hold that all preliminary negotiations and agreements are to be deemed merged in the final- instrument executed by the parties and that a warranty deed to land, without exception or reservations when delivered and accepted is deemed, in the absence of fraud or mistake, a complete relinquishment of conflicting reservations in any prior executory contract. * * *
“These cases are not in point because in each instance the court found from the documents before it that it was the intention of the parties to merge all preliminary matters, provisions, agreements, and contracts into the final contract or deed which was delivered and accepted. In the present case the documents convince us that such was not the intention of the parties, because the original contract contemplated future acts of performance after the execution of both the bond for deed and the warranty deed.”
In the Wainwright case, plaintiff sought possession of an automobile allegedly purchased from defendant in connection with the purchase of other movables and a house and lot. The question tendered was whether or not parol testimony to establish that the Pontiac was included in the sale by defendant and that the price thereof was covered in the total price expressed in the notarial act was admissible in the absence of charges of fraud or error in view of the contention that the testimony offered would vary and contradict the terms of the written act of sale. The court pointed out :
“ * * * If there is a real and genuine consideration for the contract, it may be proved by any sort of evidence, even though such proof establishes a consideration materially different to that expressed in the written instrument.”
The proof offered was in compliance with the well-recognized principle that where the expressed consideration of a contract was inaccurate, incorrect, or nonexistent the true consideration may be established by evidence other than written without doing violence to the parol-evidence rule. LSA-C.C. Art. 1900; 4 L.L.R., 388 et seq.
*107 Thus, in the Wainwright case it was held that parol testimony was competent to prove the true consideration of the sale, although different in some respects from the consideration expressed in the deed.
In Brown v. Hockenjos et ux., La.App. 2d Cir., 1957, 95 So.2d 353, defendant D. E. Hockenjos, by written agreement, leased a 2-acre tract of land from plaintiff for a period of five years. Plaintiff made certain improvements to the leased premises and thereafter sought reimbursement of the expenditures made therefor. No reference was made in the lease as to the repairs or the improvements made by the lessor. Plaintiff’s claim for reimbursement was predicated upon a purported loan agreement entered into between him and Mrs. Hock-enjos who operated a cafe on the leased premises. Objection was made to the admissibility of the testimony to establish any obligation on the part of plaintiff to make or cause to be made at his expense the improvements and renovation of the leased premises inasmuch as the written lease imposed no such obligation. In disposing of this objection, the court very appropriately stated:
“ * * * The jurisprudence supports plaintiff’s position in this regard and it is so well established under LSA-C.C. Art. 2276 that parol evidence, in the absence of allegations and proof of fraud or error, is inadmissible to contradict, alter or vary, or add to or subtract from a written contract as to obviate the necessity of citing authorities in support of the proposition. Therefore, so far as such testimony purports to place upon plaintiff a more onerous obligation than contracted in the aforesaid lease, such evidence is amenable to this rule of evidence, and the objection thereto, at least, to the extent and purpose, if it be, of altering, contradicting or varying the written lease, should have been sustained and, for such purpose, will not be given consideration in the resolution of the issues presented here.” (95 So.2d 353, 354.)
In Davis v. Dees et al., 211 La. 229, 29 So.2d 774, testimony that when sale of a business was consummated, the vendor orally agreed that he would not enter into a competitive business was held inadmissible as enlarging the terms of the written contract. A similar conclusion was reached in Ballero v. Heslin, La.App. 4th Cir., 1961, 128 So.2d 453.
In Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680, with reference to plaintiff’s contention that defendant was acting merely as agent and that the property was placed in defendant’s name for convenience only, the court very appropriately stated: . ••
“This proposition cannot be sustained as it, of necessity, ignores the unbroken rule of law in this state, set forth in Franton v. Rusca, 187 La. 578, 175 So. 66, 68, ‘ * * * that, in the absence of any allegation of fraud or error, conditions, and stipulations beyond those expressed in an authentic act, and what may have been said before, or at the time of, or since the execution thereof, can be proven only by means of a counter-letter or by the use of interrogatories on facts and articles. * * * ’ ”
To sustain defendant’s contention that plaintiff agreed to do the landscaping of the lots so that they would comply with the requirements of the FHA would be to impose upon him an obligation not alluded to in the contract of sale. As heretofore observed, the terms of the written instrument may not be thus altered, varied, or contradicted in the absence of allegations and proof of fraud or error, or in the absence of a counter letter or of a resort to interrogatories on facts and articles.
Finally for consideration is the question of defendant’s right to an appeal. Whether the judgment is final or interlocutory, and in the latter instance results in irreparable injury or not, is a matter no longer *108 of importance. We, therefore, pretermit a discussion or a resolution of this issue inasmuch as we have made a thorough review of the merits of the exception, the subject matter of defendant’s complaint, as fully as if the matter had been presented on an appeal. Therefore, no good purpose could now be served by the granting of an appeal. Defendant, by this proceeding, has been afforded a full review of the merits of the judgment by the appellate court; an appeal would afford nothing more.
Accordingly, for the reasons assigned, the writs heretofore issued are now recalled, the rule to show cause is discharged, and the judgment of the lower court is affirmed ■at relator’s cost.
Affirmed.