GLADNEY, Judge.
Under date of September 30, 1959, Jack Terrell and William C. Wright executed an authentic act of sale wherein Terrell sold to Wright seventeen lots of the Terrell Hills Subdivision of the City of Shreveport for a recited consideration of $42,787.50, of which amount $2,000.00 was paid in cash and the balance of $40,787.50 on credit, represented by Wright’s note secured by a vendor’s lien and special mortgage. The act of sale provided for partial releases from the vendor’s lien and mortgage upon payment of specified sums. In such manner ten of the lots were released from the mortgage.
On March 29, 1963, this suit was instituted wherein Wright sought to recover from *391 the plaintiff the sum of $19,775.00 predi»-, cated on the failure of Terrell to fulfill an independent oral collateral agreement wherein it is alleged Terrell obligated himself for landscaping and improving the terrain and drainage with respect to the lots purchased. Subsequent to filing the instant suit, the indebtedness on the mortgage note affecting the seven remaining lots became delinquent and Terrell brought against Wright a foreclosure suit proceeding by ordinary process. Wright joined issue by answer and asserted a reconven-tional demand based upon the same claim alleged in the principal demand of his suit against Terrell.
\-
Exceptions of no cause of action were pleaded by Terrell against the demands of Wright in each of the suits. These were sustained by the trial court. In the case of Terrell v. Wright, Wright applied to this court for and was granted writs. Following a review of the case we recalled the writs and affirmed the judgment of the trial court. Our decision was rendered on February 13, 1964. See Terrell v. Wright, La.App., 161 So.2d 103.
In the instant case, as in Terrell v. Wright, it has been argued by Wright that the trial court erred in not holding that parol testimony is admissible for the purpose of showing the existence of an independent collateral agreement entered into between the plaintiff and defendant simultaneously with the execution of the authentic act on September 30, 1959. The position of the judge a qua was that such parol testimony is inadmissible to contradict, alter or vary the terms of the authentic act of sale which contains no reference with respect to landscaping and drainage of the lots conveyed through the act of sale.
In our decision in Terrell v. Wright we sustained the views of the trial court and held that the alleged independent collateral agreement was at variance with the authentic act of sale and mortgage, and that the terms of such instrument may not be altered, varied, or contradicted by parol evidence in the absence of allegations and proof of fraud or error, or in the absence of a counter letter, or resort to interrogatories on facts and articles.
Affirmed at appellant’s cost.