BAILES, Judge.
On August 11, 1961, Lawrence P. Smith, plaintiff-appellee, and Leo O. Johnson, now deceased, entered into an act of exchange of certain property located in Orleans, Tangipahoa and St. Tammany parishes. As *604 the property received by Johnson was of greater value than the property assigned to Smith, in order to equalize the disparity of values Mr. Johnson transferred to Mr. Smith certain promissory notes described therein made and executed by various parties, ownership of which was acquired by Johnson in previous transactions. These notes were secured by mortgages of inferior rank on certain immovable property of the various makers.
The act of exchange was entered into to consummate an earlier agreement between the parties. The earlier agreement was dated July 3, 1961. Among other conditions and stipulations, this latter agreement contained the following clause:
“As a further guarantee, party of the second part [Leo O. Johnson was the party of the second part] agrees to substitute any mortgage note that may come in to default with another mortgage note of approximately the same amount. Any mortgage note that exceeds four months in the arrears shall be deemed in default.”
At the time the act of exchange was executed the Notary Public, who was also a duly licensed and practicing attorney at law, advised the parties against including the above quoted guarantee clause therein as it could possibly be construed as a cloud on the title to the various properties involved in the transaction. On the Notary’s advice that the July 3, 1961 agreement, with reference to the substitution of notes, was still binding, Mr. Smith, plaintiff, agreed to the completion of the transaction without the insertion of the quoted clause.
After the lapse of about nine months, there were some of the promissory notes in default. The plaintiff made written demand on Mr. Johnson to make substitution of certain notes then in default. This he failed to do. Prior to institution of this action, Mr. Johnson died.
This is an action brought by Lawrence P. Smith against Mrs. Cecile Chatelain, widow of Leo O. Johnson, and his two sons, Carl P. Johnson and Nelson Lee Johnson, and Mr. Edward C. Kurtz, testamentary executor of the Succession of Leo O. Johnson, to recover the sum of $32,104.26, this being the total balance due on the several promissory notes in default at the time suit was filed, under the guarantee clause of the July 3, 1961 agreement quoted supra. Alternatively, plaintiff asked for judgment ordering the defendants to give new mortgage notes of the same aggregate amount in substitution* for the delinquent notes.
In response to this petition, defendants filed exceptions of no cause or right of action, and stated therein:
“These exceptions are based on the fact that petitioner relies on a purported ‘written sale/and/or exchange agreement’ with decedent, Leo O. Johnson dated July 3, 1961; that petitioner has studiously avoided reference to a subsequent sale between these parties, act before Edmond G. Miranne, Notary Public, Orleans Parish, dated August 11, 1961 and reg. COB 255, folio 642, Tangipahoa Parish, La., which authentic act was subsequent in time, and constituted the final and binding agreement between the parties; that no reference to guarantee of mortgages is made therein, and without an allegation of error, fraud or mistake, no extrinsic or parol testimony can be adduced to vary or alter the terms of the later instrument. * *
After overruling the peremptory exceptions, the trial court ordered the plaintiff to amend his petition to include an action to reform the act of exchange of August 11, 1961, to include the stated guarantee clause. The plaintiff complied with this order of the court within the time allowed, and prayed for judgment in accordance with the prayer of the original petition, and in the alternative for judgment reforming the act of exchange as to include the guarantee clause quoted supra.
After trial on the merits, the lower court decreed the reformation of the act of exchange of August 11, 1961, to include the *605 guarantee clause. From this judgment, defendants appeal.
There is no dispute as to the material facts of this case.
While the defendants have failed to set forth any specifications of error, from our study of their brief it appears the defendants contend the trial court erred in ordering the reformation of the notarial act of exchange between the parties as this act in authentic form is full proof of itself and cannot be altered or varied by parol evidence or by the terms of the prior agreement in the absence of proof of forgery, fraud or error. There is no allegation of proof of either before the court.
In their brief, defendants state “[T]he sole question which this Court really has to decide is this: Does the prior written agreement (of July 3, 1961) serve to vary or alter the act of exchange which was passed between the parties on August 11, 1961 ?” They argue the clause in the act of exchange which reads: “Receipt of which is hereby acknowledged, and full acquittance granted therefor” referring to an acknowledgment by plaintiff of receipt of the notes from the notary public after the latter had paraphed the same “Ne Varietur” for identification with the act of exchange, means the plaintiff accepted these particular twenty-one notes in full payment and acquittance of the obligation for which these second mortgage notes were given by Johnson to Smith. They argue if plaintiff is allowed to do what he is attempting to do or accomplish in this action he would be substituting consideration and “would abrogate his own acquittance, discharge and release insofar as the second mortgage paper in which he specifically acquiesced is concerned.”
We find this argument untenable. There is no allegorical meaning in this clause. It means no more than what it literally states. The meaning is Mr. Smith has received the notes from the Notary Public and he is discharged of the obligation he had of delivering the notes to the recipient thereof. There is nothing repugnant in this clause to the conditions of the guarantee contained in the July 3, 1961 contract.
Defendants cite the case of Colorado Milling & Elevator Co. v. Rapides Grocery Co. (La.App.1932) 142 So. 626, as a parallel to the instant case. We find it to be otherwise. In this cited case, the court refused to admit testimony of an agreement as to price of flour because the price thereof was expressly stated in the contract, and there was no proof of fraud.
Also cited in support of defendants’ position is the case of Harnischfeger Sale Corporation v. Sternberg (1934) 179 La. 317, 154 So. 10. Therein plaintiff sued defendant for the balance due on the purchase price of a dragline. Defendant, among other things, contended he was induced to purchase this machine on the representation it would operate successfully with a 2-yard bucket on a 60-foot boom, when, in truth and in fact, it would not so operate. Plaintiff objected to the introduction of this evidence on the ground parol evidence is inadmissible for the purpose of altering, varying, or contradicting a written contract in the absence of an allegation and proof of fraud, error, or duress. It was shown the contract between the parties contained this provision: “This proposal covers the entire agreement between the parties, and it is specifically understood that no prior writing or verbal negotiations or agreements form any part of this contract.” and further it provided “and it is hereby further declared, agreed and understood that there are no understandings, representations, or agreements between the parties not herein expressed.”
We thoroughly agree, with the Court therein; and recognize this to be the law of this state, however, this cited case is clearly inapposite to the instant case.
What the plaintiff herein seeks is the performance by the defendants of the binding agreement to substitute other mortgage notes for those on which the makers *606 have defaulted. This collateral agreement is separate and apart from the authentic act of exchange and provides terms and conditions of guarantee about which the act of exchange is silent.
Plaintiff cites and relies on the case of Segari v. Uchello (1950) 44 So.2d 722, Orl. App. We find the holding of the court therein apropos to the instant case.
In the Segari case, the plaintiff brought suit against the defendant for damages for failure to deliver possession of certain property defendant, by authentic act, sold to plaintiff. Defendant denied liability on the ground he was not obliged to surrender possession until sixty days after the act of sale was consummated. Therein the court stated: “The crucial point in the case is whether a prior executory agreement entered into in writing between the parties is to be received in evidence.” In the agreement to buy and to sell it was stipulated possession was to be delivered within sixty days after act of sale. The authentic act of sale executed by the parties made no mention of the agreement of delayed delivery of possession. In the act it was recited the vendor delivered the property to the vendee, who accepted its delivery. The trial judge held that the authentic act, being full proof against the contracting parties of the agreement contained in it, cannot be altered or changed by any prior agreement not incorporated in the act, and gave judgment for the plaintiff.
The appellate court stated:
“[1] We think the judge erred. The proposition of law upon which the ruling was based, however apparently emphatic, is not without well recognized exceptions, one of which is that the rule does not preclude the admission of a valid prior or contemporaneous agreement of a collateral nature, although it is related in a general sense to the written instrument in ■question, where it is independent of and not at variance with or contradictory to the express or implied provisions thereof, but instead has for its subject a matter which the parties might naturally deal with separately.”
The evidence clearly shows Mr. Smith, the plaintiff, did not abandon his requirement of the guarantee clause. There is no proof whatever of a waiver of this condition. The notary testified he advised Mr. Smith the agreement of July 3, 1961, was binding.
Our Supreme Court, in the case of Davies v. Bierce (1905) 114 La. 663, 38 So, 488, after stating:
“The test of admissibility in such cases is whether the evidence offered tends to alter, vary, or contradict the written contract, or only to prove an independent, collateral fact about which the written contract was silent. In the former case the testimony is inadmissible; in the latter it is competent and proper.
“ * * *»
******
said,
“Plaintiff expressly alleges in his petition that it was the understanding and ‘agreement’ that ‘the defendant should continue to sell rails in this territory up to January 1, 1902, but not thereafter.’ While plaintiff specially sets up this agreement, the letters annexed to the petition are silent upon the subject; therefore, if such an agreement was in fact made, it had necessarily to be found dehors these papers, and these papers did not embody the entire contract. The agreement was a collateral oral agreement, in respect to which the papers annexed were silent, which did not contradict nor vary or alter the contract of sale; and this collateral agreement was controlled in its scope and as to its sanction and remedies outside of the contract of sale. The books are full of examples of these collateral agreements which do not affect and are not ‘conditions of’ the main contract with which they are connected, though they are frequently ‘in *607 ducements’ to the making of those contracts. The agreement by the purchaser to insure goods which are sold on a credit, the agreement to have a survey made later of property sold, the assumption of payment of the money due and to be due for the lease of the house in which the articles sold may be stored, are instances of collateral agreements which do not affect the execution of the main contract, though connected with it. One contract is often made the basis, inducement, or consideration of another, though both are distinct. * * * ”
Also see Talmadge v. West Orleans Beach Corp. (1931) 18 La.App. 417, 137 So. 368.
It was understood between the parties to the act of exchange that this act did not contain all the terms thereof. It was on the advice of competent counsel the guarantee clause was omitted. Undoubtedly Mr. Johnson knew it was still outstanding, as his counsel considered it so, and there was no indication, from the evidence before us of what transpired at the time the transaction was closed, the plaintiff waived the requirement of the guarantee.
We find the guarantee clause of the executory agreement of July 3, 1961, does not alter, vary or contradict the terms of the act of exchange of August 11, 1961. The guarantee of the notes transferred by Mr. Johnson to the plaintiff was a collateral agreement which remained execu-tory between the parties. We deem it better procedure not to amend the notarial act of exchange entered into between the parties.
The defendants are bound by the agreement to substitute any mortgage note which may be in default for more than four months with another mortgage note of approximately the same amount, and accordingly, the defendants are ordered to give to the plaintiff current mortgage notes of the same aggregate amount in substitution for the delinquent mortgage notes.
Judgment amended and affirmed.