BOLIN, Judge.
Plaintiff filed this suit seeking to enforce an alleged oral contract made in connection with the sale of immovable property to defendant and, alternatively, for damages for breach of the contract. The trial judge sustained an exception of no right of action as to two tracts of land purchased by defendant at sheriff’s sale and an exception of no cause of action as to a tract which defendant purchased directly from plaintiff. From this judgment plaintiff appeals. For reason hereinafter stated we affirm the judgment.
In Article 3 of plaintiff’s petition he alleges the property described on Exhibit A (being the property purchased directly by defendant corporation from plaintiff corporation) was conveyed to Terral Industries, Inc., by authentic act, at a time when plaintiff was in a condition of financial stress and was in danger of having said property seized by a creditor for payment of a debt which said property had been mortgaged to secure; that plaintiff sought out defendant prior to the conveyance, both corporations acting through their respective officers, N. Bryant James and Thomas Ransom Terrall, with the object of entering an agreement with defendant to prevent said property from being lost through a foreclosure proceeding.
It is further alleged that plaintiff and defendant agreed orally that said conveyance would be made subject to the following stipulation:
“At such time as sufficient property from the whole property had been sold and the proceeds received sufficient to pay the costs and interest of defendant, the remaining property would be owned one-half by Terral Industries, Inc., and one-half by Union Brokerage and Insurance Agency, Inc., that is to say, an undivided one-half interest to each.”
In Article 4 plaintiff alleges defendant has now refused to honor and abide by said agreement in spite of amicable demand by plaintiff and, instead, persists in claiming one hundred per cent ownership of the property, denying any obligation whatsoever to plaintiff. Further, that said agreement was, in fact, consummated between plaintiff and defendant and was the primary consideration for the conveyance *857 of the property by plaintiff, and because of the refusal of defendant to honor the oral agreement there has been a failure of consideration in the conveyance.
In Articles 6 and 7 plaintiff alleges it was confronted with the problem protecting its interest at a sheriff’s sale of property which plaintiff owned, and that an agreement identical with that mentioned in the preceding articles was consummated whereby defendant would buy the property at judicial sale and plaintiff and defendant would have “exactly the same deal on this property as we have on the other property.”
Finally, plaintiff alleges that because of the agreements between plaintiff and defendant plaintiff changed its position with regard to its interest in the property and did not act to protect its interest by any other means, all in complete reliance on the agreements with defendant set forth above; that plaintiff is unable to say how much it has been damaged by reason of its reliance on said agreements and by the subsequent breach of same by defendant, but believes itself damaged in an amount in excess of $60,000, and asks the court to award this amount or such other sum as may be found by the court from information not now available to plaintiff, for damages suffered by plaintiff in changing its position in reliance upon the aforesaid agreements with defendant.
The trial judge rendered a written opinion in which he examined and discussed each of the three conveyances and gave his reasons for sustaining the various exceptions. Examination of the sheriff’s deeds of property described in Exhibits “B” and “C” shows they were owned by.N. Bryant James, individually, prior to the sheriff’s sales. Plaintiff corporation does not allege any legal interest it might have either to secure title to an interest in the tracts or to recover damages for breach of contract with reference thereto. Appellant urges on appeal that the trial judge erred in sustaining the exception of no right of action with respect to these tracts, claiming it is not necessary for plaintiff to have any such interests as the trial judge required.
Appellant seems to ignore the fact that on November 26, 1973, defendant filed a pleading, designated as Dilatory and Peremptory Exceptions, wherein it specifically urges that plaintiff has no interest in the property described and seeks to have his exceptions maintained or, in the alternative, to have plaintiff amend its petition. In answer to the exceptions plaintiff fails to address the question of the “want of interest” in plaintiff corporation to enforce the alleged oral agreement as to the two pieces of property sold at sheriff’s sales. Neither did plaintiff amend its petition to show an interest in plaintiff. However, on appeal it states that, “Even if such interests were required as an element of a valid agreement, in this case no opportunity was afforded plaintiff to either prove su¿h interests or to amend its petition to allege such interests.” This is patently incorrect in view of the fact that defendant had specifically pleaded alternatively in its exception of no right of action that plaintiff be required to amend its petition to the extent that defendant will be able to plead responsively.
Louisiana Code of Civil Procedure Article 927 provides:
“The objections which may be raised through the peremptory exception include, but are not limited to, the following:
******
(S) No right of action, or no interest in the plaintiff to institute the suit.
“The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The non-joinder of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.” (Emphasis ours)
*858 Since plaintiff originally alleged there were three “oral agreements”, two of which were purportedly made in relation to the tracts of land seized by judgment creditors of N. Bryant James, the record owner of the property, we fail to see in what manner the corporation could be said to have suffered damage by reason of the violation of the alleged agreements or has a right to maintain an action for breach of contract made in connection therewith.
For the foregoing reasons we find the exception of no right of action as to any claim for damage for the breach of the alleged oral agreement dealing with Tracts “B” and “C” was properly sustained.
We consider next the correctness of the trial judge’s ruling sustaining the exception of no cause of action as to the tract described in Exhibit “A”, based on the provisions of Louisiana Civil Code Articles 2275 and 2276, as follows:
Art. 2275.
“Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.”
Art. 2276.
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
It is noted that plaintiff filed interrogatories on defendant corporation asking specifically the following question:
“ . . . Is it true that during the years of 1968 and 1969 you, acting for Terral Industries, Inc. entered into an agreement or agreements with N. Bryant James, or with Union Brokerage and Insurance Agency, Inc., through Mr. James, to either buy or bid on any immovable property in Union Parish or Lincoln Parish, Louisiana whereby either N. Bryant James or Union Brokerage and Insurance Agency, Inc., would possibly gain future benefits ?”
To this question, as well as the other questions propounded in the interrogatories, defendant answered “None”. Additionally, there was no counter-letter nor was it alleged there was any writing which would have been admissible to prove there was a contemporaneous agreement with the act of sale of tract “A” from plaintiff to defendant.
Initially, plaintiff sought to be declared the owner of a one-half interest in the property remaining in the hands of the vendee but on appeal appellant has apparently abandoned this aspect of the case, although it urges plaintiff should be permitted to go to trial and to present any written evidence of the private agreements affecting its rights and interests in and to the real estate made the subject of this suit. In any event, plaintiff contends it has the right to sue for money damages based on breach of an oral contract and that it matters not whether the oral contract has as its object an interest in real estate.
In Terrell v. Wright (La.App.2d Cir. 1964), 161 So.2d 103, this court had occasion to pass on a question similar to that posed by the instant case. In Terrell plaintiff vendor had sold to defendant seventeen lots in a subdivision of Shreveport, Louisiana, the act of sale reciting that each of the lots might be released from the vendor’s lien and mortgage upon the payment of a specified sum, from which, however, the vendee was authorized to deduct any payments made upon paving liens or other assessments levied against the property. Ten of the lots were released and there remained an indebtedness of $17,212.-50. This indebtedness became delinquent and vendor brought suit against Wright, the purchaser, for a personal judgment *859 against defendant. In answer to plaintiff’s petition defendant admitted the execution of the note and mortgage sued upon but denied owing plaintiff anything and reconvened for $19,775 alleging this was the amount due him for plaintiff’s breach of a collateral agreement in which plaintiff purportedly promised to do extensive landscaping work in order that the lots would conform to FHA standards.
This court, in Terrell, went to considerable length to clarify the law and jurisprudence with regard to collateral agreements made at the time of or before or after a written agreement for the sale of immova-bles. In the course of the opinion the writer stated:
“To sustain defendant’s contention that plaintiff agreed to do the landscaping of the lots so that they would comply with the requirements of the FHA would be to impose upon him an obligation not alluded to in the contract of sale. As heretofore observed, the terms of the written instrument may not be thus altered, varied, or contradicted in the absence of allegations and proof of fraud or error, or in the absence of a counter letter or of a resort to interrogatories on facts and articles.”
In the absence of allegations of fraud or error or of a counter-letter and in view of defendant’s denial of the existence of an oral agreement in his answer to interrogatories, we conclude the exception of no cause of action was properly sustained.
Finally, plaintiff has made reference to the possible existence of a right to proceed for damages for a tort committed by defendant in refusing to comply with the terms of the alleged agreement. Since any such claim must necessarily be predicated on a violation of a duty owing plaintiff by reason of a breach of a valid contract and proof of the consequent damages, we find no such right exists in this case.
For the reasons assigned the judgment of the trial court is affirmed at appellant’s cost.